[Civil No. 2462.   Filed May 23, 1927.]

[256 Pac. 114.]

LOLA NAVARRO, Appellant, v. STATE, Respondent.

Mr. C. H. Jordan, for Appellant.

No appearance for Appellee.

PER CURIAM.—Suit was brought by the state of Arizona under the provisions of chapter 58, Session Laws of 1919, to forfeit a certain automobile, which it was alleged had been used unlawfully in the transportation of intoxicating liquor. The case was originally filed against Mike Navarro, and Lola Navarro, his wife, intervened, claiming to be the owner of the car in question, and that it was used without her knowledge. Judgment was entered in favor of the state and the automobile ordered confiscated, whereupon the intervener appealed to this court. The abstract of record was filed October 19th, 1925, and the brief of intervener on the twenty-first day of December, 1926, but the state has filed no answering brief.

This court has held previously in several cases that a failure to file an answering brief is equivalent to a confession of error by appellee. *Merrill* v. *Wheeler*, 17 Ariz. 348, 152 Pac. 859; *Childs* v. *Frederickson*, 21 Ariz. 248, 187 Pac. 573; *Skelsey* v. *Kuhn*, 23 Ariz. 367, 203 Pac. 1082; *Hatch* v. *Leighton et al.*, 24 Ariz. 300, 209 Pac. 300.

While we do not lay down as a rigid rule that in all such cases the judgment of the lower court will be reversed, yet, when on examination of the pleadings and the assignments of error it appears a debatable question is raised by the appeal, and no reasonable excuse for appellee's failure to file a brief is shown, we assume the latter confesses error,

and will reverse the case and remand it for new trial. Paragraph 1266, Rev. Stats. Ariz. 1913, Civil Code.

We have examined the abstract of record and the brief of appellant, and think the case comes within the rule. For the foregoing reasons the judgment of the superior court of Navajo county is reversed and the cause remanded for a new trial.