NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

JOHN DANKO, III, *Plaintiff/Appellant,*

*v.*

KATHERINE ROSE MYERS WILSON, *Defendant/Appellee.*

No. 1 CA-CV 24-0401

FILED 01-07-2025

Appeal from the Superior Court in Maricopa County
No. CV2023-092772
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

APPEARANCES

John Danko, III, Mesa
*Plaintiff/Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge D. Steven Williams and Judge Daniel J. Kiley joined.

---

**B R O W N**, Judge:

¶1        John Danko appeals from the superior court's order dismissing his complaint against Katherine Myers, a South Carolina attorney, for lack of personal jurisdiction.[1]  For the following reasons, we affirm.

## BACKGROUND

¶2        In June 2023, Danko sued Myers, alleging he contracted with her to enforce a "division of property and debt," but that Myers performed no "form of legal services or representation in exchange for monies paid" and that she "simply took [his] money."  Danko further alleged he hired several debt collection companies, and that Myers "knowingly and purposefully repeat[ed] numerous false statements and degrading insults" about him.  From these allegations, Danko asserted various claims against Myers, including breach of contract, trespass, conversion, abuse of process, defamation, and fraud.  Danko also claimed that Myers resides in and does business in Arizona.  However, all of Danko's subsequent attempts to serve the complaint indicate that he tried to serve Myers in South Carolina.  Ultimately, Danko's affidavit of service likewise stated that "[d]efendant is known to be located outside the state of Arizona."  The affidavit and attached exhibit also show that the complaint was mailed to Myers's home and work addresses in South Carolina.

---

[1]        In October 2024, this court issued an order declaring Danko a vexatious litigant.  Admin. Order 2024-10 (amended by Admin. Order 2024-11, filed on December 3, 2024).  The order requires Danko to file an application explaining the merit of any proposed appeal and that any application deemed meritless will result in dismissal of that appeal.  The order also requires payment of filing fees.  Because Danko filed this appeal before the vexatious litigant order took effect, and has paid his filing fee, we consider his appeal.

¶3        Myers answered the complaint and moved to dismiss it "because Arizona does not have jurisdiction over [her]." She maintained that she had no contact with Arizona, had not conducted any business, owned any real property, or resided in the state. Myers also included "counterclaims" against Danko for filing a frivolous lawsuit and for recovery of fees and costs in defending it.

¶4        Danko conceded that Myers did not live in Arizona, but claimed that Arizona had jurisdiction because Myers was involved in "business litigation" with him in Arizona for years. Danko also asserted that Myers had "established [herself] in Maricopa County for years, with business contacts, relationships, and vast amounts of money exchanged for goods and services." Danko's supporting declaration added that he had paid $3,275 directly into Myers's trust account and they had entered an "attorney-client contract" to enforce property division and debts from an Arizona divorce decree. Danko asserted that his breach of contract claim is "one of Arizona law, not of South Carolina law, despite [his] ex-spouse moving to South Carolina." Danko repeated his unsupported claim that Myers owns real property in Arizona and claimed their attorney-client relationship "was never severed."

¶5        The superior court dismissed the complaint for lack of personal jurisdiction. In granting Myers's motion to dismiss, the court noted it had considered the complaint and the parties' signed pleadings. The court then summarized the facts alleged in Danko's complaint and determined there was "no evidence to support a finding that [Myers] ha[d] 'systemic and continuous' contacts with Arizona." Specifically, the court concluded there was no evidence that Myers's "contacts with Arizona reflect a purposeful conduct targeting the forum" as opposed to "accidental contacts or those created by [Danko's] unilateral acts."

¶6        The court also found that Danko had alleged no other basis in the complaint "to establish personal jurisdiction over [Myers] in Arizona state court." The court explained that amending the complaint would not rectify the defect, given that Danko had been previously apprised of the jurisdictional problem and had made no indication that amending the pleadings would resolve it. Although the court did not address Myers's counterclaims, the court's subsequent entry of a final order dismissing the case under Arizona Rule of Civil Procedure 54(c) implicitly confirmed the counterclaims were abandoned. Danko timely appealed. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7**        Danko's primary argument on appeal is that the superior court erred in concluding that it lacked personal jurisdiction over Myers. Danko's opening brief, however, does not comply with Arizona Rule of Civil Appellate Procedure (ARCAP) 13(a)(7)(A), which requires, in part, that a brief include arguments explaining the party's contentions on each issue raised on appeal, along with supporting reasons, citations to legal authorities, and appropriate references to the record.  A party's failure to comply with Rule 13 may result in waiver of that party's arguments.  *See Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022).  Danko's brief fails to include citations to the record supporting his assertions.  Nor does it include any meaningful citation of legal authority as required by the rule. Despite the deficient briefing, in our discretion, we address Danko's arguments to the extent we can discern them.  *See In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013); *Clemens v. Clark*, 101 Ariz. 413, 414 (1966).

**¶8**        As for Myers, she has not filed an answering brief.  When debatable issues exist, we generally treat the failure of a party to file an answering brief as a confession of error.  *See Navarro v. State*, 32 Ariz. 119, 120 (1927); *Turf Irrigation & Waterworks Supply v. Mountain States Tel. and Tel. Co.*, 24 Ariz. App. 537, 540 (1975).  Because the issues Danko has attempted to raise in his opening brief are not debatable, we decline to apply that doctrine here.

**¶9**        We review de novo whether a court has personal jurisdiction over a defendant.  *Beverage v. Pullman & Comley, LLC*, 232 Ariz. 414, 417, ¶ 10 (App. 2013).  Arizona courts "may exercise personal jurisdiction over a person . . . to the maximum extent permitted by the Arizona Constitution and the United States Constitution."  Ariz. R. Civ. P. 4.2(a).  Whether a court may exercise personal jurisdiction over a particular defendant "depends on the defendant's having such 'contacts' with the forum State that 'the maintenance of the suit' is 'reasonable' . . . and 'does not offend traditional notions of fair play and substantial justice.'"  *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 358 (2021) (quoting *Int'l. Shoe Co. v. Washington*, 326 U.S. 310, 316–17 (1945)).  Personal jurisdiction can be general or specific. *Id.*

**¶10**        A court can exercise general jurisdiction only for defendants who have continuous and systematic contacts with the forum state, which renders them "essentially at home" in that state.  *Wal-Mart Stores, Inc. v. LeMaire*, 242 Ariz. 357, 359, ¶ 4 (App. 2017).  For individuals, this is typically their domicile.  *Ford Motor Co.*, 592 U.S. at 358–59.  On the other hand,

specific jurisdiction covers "a narrower class of claims," often referred to as "purposeful availment." *Id.* at 359. It exists when a defendant takes "some act by which [she] purposefully avails [herself] of the privilege of conducting activities within the forum State." *Id.* Thus, a court may exercise specific jurisdiction over an out-of-state defendant only if the plaintiff's claims "'arise out of or relate to the defendant's contacts'" with the forum state. *Id.* Such contacts cannot be "'random, isolated, or fortuitous.'" *Id.*

¶11        If a defendant challenges a court's exercise of personal jurisdiction, the "plaintiff must offer facts establishing a prima facie showing of jurisdiction." *Beverage*, 232 Ariz. at 417, ¶ 10 (cleaned up). And the plaintiff "cannot meet this burden with bare allegations" but instead "must come forward with facts, established by affidavit or otherwise, supporting jurisdiction." *Van Heeswyk v. Jabiru Aircraft Pty., Ltd.*, 229 Ariz. 412, 416, ¶ 6 (App. 2012).

¶12        Danko contends the superior court erred by concluding it lacked jurisdiction over Myers because he believes she has sufficient contacts with Arizona. Danko emphasizes that his underlying divorce case originated in Arizona, and that he has resided in Arizona for many years. Danko also asserts that Myers has "numerous contacts in Arizona" through several other law firms, that she "does business in Maricopa County," and that she harmed him in Arizona through her defamatory conduct. But the record does not support Danko's assertions. Instead, the only evidence Danko provided was his own declaration in which he merely reasserts the conclusory allegations in his complaint.

¶13        Even assuming the truth of Danko's allegations, the superior court still would not have personal jurisdiction over Myers. Danko never established or even claimed that Myers is domiciled in Arizona, making general jurisdiction inapplicable. Neither are the contacts Danko alleged in his declaration sufficient to create specific jurisdiction. "[T]he unilateral activities of the plaintiff" cannot create the minimum contacts necessary to justify jurisdiction but "must instead arise from the defendant's 'purposeful' conduct." *Plan. Grp. of Scottsdale, L.L.C. v. Lake Mathews Min. Props., Ltd.*, 226 Ariz. 262, 266, ¶ 16 (2011). Danko has failed to make any showing that Myers purposefully reached out to him to establish an attorney-client relationship. Instead, his own declaration indicates that he unilaterally created any connections Myers had with Arizona. That Myers accepted Danko's offer for work, even for a matter concerning an Arizona resident and dissolution decree issued in Arizona, does not qualify as intentional conduct by Myers to establish contacts with this state sufficient to give Arizona courts jurisdiction over her. *See id.* at 271, ¶ 41 ("[I]t is not

enough that a defendant know that he is dealing with an Arizona resident . . . the requisite activity must instead be purposefully directed at the forum."); *Hoag v. French*, 238 Ariz. 118, 123, ¶ 24 (App. 2015) (finding that simply accepting a trustee appointment for Arizona trusts did not create personal jurisdiction over the defendant trustee).

¶14 Our analysis here is consistent with several decisions issued by this court where Danko has appealed orders dismissing his lawsuits against other South Carolina attorneys for lack of personal jurisdiction. *See e.g., Danko v. Grantland*, No. 1 CA-CV 24-0265, 2024 WL 4564680, at *2, ¶ 15 (Ariz. App. Oct. 24, 2024) (mem. decision); *Danko v. Strom*, No. 1 CA-CV 22-0583, 2023 WL 5977229, at *2, ¶ 8 (Ariz. App. Sept. 14, 2023) (mem. decision); *Danko v. Ameika*, No. 1 CA-CV 24-0045, 2024 WL 4026000, at *4, ¶¶ 19–20 (Ariz. App. Sept. 3, 2024) (mem. decision); *Danko v. Whiting*, No. 1 CA-CV 24-0001, 2024 WL 3949057, at *2, ¶ 11 (Ariz. App. Aug. 27, 2024) (mem. decision). Like those cases, Danko's arguments challenging the superior court's ruling on personal jurisdiction are groundless.

¶15 Danko further contends that Myers's motion to dismiss was untimely and that the superior court erred in considering the merits. A defendant has 20 days to file a responsive pleading after being served with a summons and complaint. Ariz. R. Civ. P. 12(a)(1)(A)(i). Myers filed her motion to dismiss on September 15, 2023. Because Danko filed his complaint and summons on June 13, 2023, he believes that Myers's motion was untimely. However, though Danko filed these documents in June, his affidavit shows he did not serve them until September 9, 2023. Thus, her motion to dismiss was timely.

¶16 Finally, Danko argues the court's dismissal deprived him of his due process rights and the dismissal "invalidate[d] all Arizona law everywhere." He also requests an evidentiary hearing and the opportunity to submit expert witness testimony. Because Danko provides no authority or any meaningful legal analysis supporting these arguments and requests, and also fails to establish any connection to the issue of personal jurisdiction, we decline to address them. *See* ARCAP 13(a)(7)(A). We also deny Danko's request for oral argument.

**CONCLUSION**

¶17        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:    TM