NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

In Re the Matter of:

LACEY CAUDILL, *Petitioner/Appellee,*

*v.*

BRENT NELSON, *Respondent/Appellant.*

No. 1 CA-CV 24-0258 FC

FILED 02-25-2025

Appeal from the Superior Court in Maricopa County
No.  FC2023-095134
The Honorable Dawn Walton, Judge *Pro Tempore* (Retired)

**AFFIRMED**

COUNSEL

Law Offices of Kamille Dean, P.C., Phoenix
By Kamille R. Dean
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

---

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W I L L I A M S,** Judge:

¶1        Brent Nelson ("Father") appeals a protective order issued against him. For reasons that follow, we affirm.

## BACKGROUND

¶2        Father and Lacey Caudill ("Mother") divorced after a six-month marriage. They share a ten-year-old child. Under their current California custody orders, the child lives with Father in California and attends school there. Mother has parenting time three weekends each month in Arizona where Mother now lives. The parenting time exchanges sometimes take place in California where Father lives, sometimes in Arizona where Mother lives, and sometimes at a location in between.

¶3        In December 2023, Mother petitioned the superior court for an *ex parte* order of protection for both her and the child, alleging five separate incidents where Father engaged in verbally abusive or harassing behavior that made Mother feel unsafe during parenting time exchanges. The superior court issued the order, but did not include the child as a protected party. Once served, Father requested a hearing to challenge the order.

¶4        After an evidentiary hearing two months later, the superior court concluded that only one of Mother's five alleged incidents warranted keeping the order of protection in place—an incident on October 27, 2023, where Father reported to police the child was missing when Father knew the child was with Mother. The court found that Father "called the police for [] a missing child with the intent of harassment" towards Mother. Consequently, the court kept the order of protection in place.

¶5        Father timely appealed. We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. § 12-2101(A)(5)(b).

## DISCUSSION

**¶6** Father raises two arguments on appeal: (1) the superior court lacked personal jurisdiction to issue an order of protection against him, and (2) a single event does not constitute harassment justifying the issuance of an order of protection. Though Mother failed to file an answering brief, we decline to treat that failure as a concession of reversible error because no "debatable question is raised by the appeal." *Navarro v. State*, 32 Ariz. 119, 120 (1927).

**¶7** We review *de novo* whether a court has personal jurisdiction over a party. *Ariz. Tile, L.L.C. v. Berger*, 223 Ariz. 491, 493, ¶ 8 (App. 2010). We otherwise review a protective order for abuse of discretion, *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014), and defer to the superior court's factual findings and credibility determinations unless clearly erroneous, *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998); Ariz. R. Civ. P. 52(a)(6).

### I. Personal Jurisdiction

**¶8** The Due Process Clause limits state court jurisdiction over non-resident defendants to those defendants who purposefully establish "minimum contacts" with the forum state. *Williams v. Lakeview Co.*, 199 Ariz. 1, 3, ¶ 5 (2000); *see also Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); *Burger King Corp. v. Rodzewicz*, 471 U.S. 462, 471–72 (1985). A party wishing to contest personal jurisdiction must raise the challenge by motion or in the first responsive pleading in the trial court. Ariz. R. Civ. P. 12(h); *see also* Ariz. R. Fam. P. 29(g). If a responsive pleading is not required, the challenge must be made at trial. Ariz. R. Civ. P. 12(b); Ariz. R. Fam. P. 29(b). Failure to raise personal jurisdiction in the trial court results in waiver. *Shah v. Vakharwala*, 244 Ariz. 201, 203, ¶ 8 (App. 2018).

**¶9** Father concedes he did not raise a personal jurisdiction challenge in the superior court. Nevertheless, Father argues *Martinez v. Zuniga*, 257 Ariz. 225 (App. 2024) supports his position that this court should dismiss the order of protection for lack of personal jurisdiction. We disagree.

**¶10** Like Father's situation, the defendant in *Martinez* was a non-Arizona resident whom the superior court issued an *ex parte* order of protection against for incidents that occurred outside of Arizona. *Id.* at 226, ¶ 2. And though this court ultimately vacated the order of protection for lack of personal jurisdiction, *Id.* at 228, ¶ 11, the *Martinez* defendant challenged personal jurisdiction in the superior court, rather than waiting

to raise that challenge for the first time on appeal. Because Father did not challenge personal jurisdiction in the superior court, he has waived that argument here. *Shah*, 244 Ariz. 203, ¶ 8 (explaining that a non-Arizona resident who "appeared and submitted to the court process; [who] was served with [an] ex parte protective order as required by statute . . . and requested a hearing . . . without raising any objections as to the court's jurisdiction to grant the ex parte protective order" waived any personal jurisdictional challenge).

## II.      Single Event as Harassment Justifying an Order of Protection

**¶11**          Father also contends a single event cannot constitute harassment under A.R.S. §§ 13-3601 and -2921, and as such, no act of domestic violence was committed that justified the court issuing an order of protection against him.

**¶12**          Section 13-3601(A) defines domestic violence as any one of more than thirty offenses when, *inter alia*, the "victim and the defendant have a child in common." A.R.S. § 13-3601(A)(2). "Harassment" is included within the list of statutorily defined offenses and occurs either: (1) "if the person knowingly and repeatedly commits an act or acts that harass another person" or (2) "the person knowingly commits [a singular act] in a manner that harasses." A.R.S. § 13-2921(A). One such singular act that constitutes harassment is "[m]ak[ing] a false report to a law enforcement [] agency against another person." A.R.S. § 13-2921(A)(4).

**¶13**          When questioned by the court, Father admitted he did not actually think the child was missing when he reported the same to police. Rather, Father contacted police because Mother was not telling him what he wanted to know. Later, at the conclusion of the evidentiary hearing, the court explained to Father that "I don't find your testimony credible that you didn't know where [the child] was. You testified to me that you knew that [Mother] was picking the child up from school that day, so for you to say also that you thought that she was missing is just not credible to me." The court continued, "I think that you called the police for [] a missing child with the intent of harassment." Record evidence supports the court's finding. *Gutierrez*, 242 Ariz. at 423–24, ¶ 13 (deferring to the superior court's "determination of witnesses' credibility and the weight to give conflicting evidence").

**¶14**          Because record evidence supports the court's finding that a single act of harassment occurred, the court was justified in keeping the order of protection in place. A.R.S. § 13-3602(E)(2) ("The court shall issue

an [*ex parte*] order of protection . . . if the court determines that there is reasonable cause to believe . . . [t]he defendant has committed an act of domestic violence within the past year."); A.R.S. § 13-3602(L)("After [a] hearing [requested by a party who is restrained from contacting the other party], the court may modify, quash or continue the order."). On this record, Father has shown no error.

## CONCLUSION

¶15        We affirm.



MATTHEW J. MARTIN • Clerk of the Court
FILED:        JR