NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

MARY EURESTE,
*Plaintiff/Appellee*,

*v.*

DAVID BERREY,
*Defendant/Appellant*.

No. 1 CA-CV 23-0813, 1 CA-CV 24-0575
(Consolidated)

FILED 04-10-2025

Appeal from the Superior Court in Maricopa County
No.  CV2023-093315
The Honorable Mary Cronin, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

David Berrey, Mesa
*Defendant/Appellant*

Mary Eureste
*Plaintiff/Appellee*

---

**MEMORANDUM DECISION**

---

Judge D. Steven Williams delivered the Court's decision, in which Presiding Judge Jennifer M. Perkins and Judge James B. Morse Jr. joined.

---

**W I L L I A M S**, Judge:

¶1        David Berrey appeals from the superior court's issuance of an injunction against harassment ("IAH") and subsequent refusal to set it aside. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Mary and Michael Eureste purchased vacant land next to Berrey and began building a house. Soon after, Mary Eureste petitioned the superior court for an IAH against Berrey alleging three incidents in which Berrey either blocked access of an easement to their property or came on to their property to harass construction workers. The court issued the IAH *ex parte*.

¶3        Once served with the IAH, Berrey requested an evidentiary hearing to "dismiss" it and to "issue a protective order against [the Eurestes]." The court scheduled a hearing for two weeks later. Berrey moved the court to continue the hearing for three months so that he could obtain "requisite records" from the Sheriff's Office. The court denied his request and held the evidentiary hearing as scheduled.

¶4        At the hearing, both Mary and Michael Eureste testified, as did Berrey—though the superior court refused to allow Berrey's wife to testify or consider any of Berrey's exhibits because Berrey did not disclose them before the hearing. At the conclusion of the hearing, the court found that two of the three alleged incidents occurred and that neither occurrence served a legitimate purpose. The court ordered the IAH remain in place.

¶5        Berrey timely appealed but also filed three motions with the superior court to clarify its order. Each was denied on a procedural or jurisdictional basis. Berrey then filed a fourth motion to clarify along with a motion to set aside the final judgment. Berrey argued he was not able to get "crucial evidence into the record and was denied continuance to attain [*sic*] the evidence" but that he had now procured newly discovered

evidence. Berrey also argued the Eurestes made misrepresentations at the hearing.

**¶6** The superior court affirmed its ruling and denied Berrey's motion to set aside the final judgment. In doing so, the court explained Berrey failed to timely submit exhibits and reiterated that it kept the IAH in place because "based on [both parties'] testimon[ies]. . . the incidents alleged . . . served no legitimate purpose." Berrey then filed a second appeal, which we have consolidated with his first.

**¶7** We have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(5)(b). *See also* Ariz. R. Prot. Ord. P. 42(a)(2).

## DISCUSSION

**¶8** Mary Eureste did not file an answering brief. Because no "debatable question is raised by the appeal," we decline to treat that failure as a concession of reversible error. *Navarro v. State*, 32 Ariz. 119, 120 (1927).

**¶9** We review the superior court's issuance of an IAH for an abuse of discretion. *LaFaro v. Cahill*, 203 Ariz. 482, 485, ¶ 10 (App. 2002). The superior court abuses its discretion when, viewed in the light most favorable to upholding the order, the record lacks any competent evidence to support the court's decision. *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009).

**¶10** Section 12-1809(E) instructs a court to issue an IAH if it finds "reasonable evidence of harassment . . . during the year preceding the filing of the petition or that good cause exists to believe that great or irreparable harm would result . . . if the injunction is not granted." "Harassment" is defined as "[a] series of acts over any period of time that is directed at a specific person and that would cause a reasonable person to be seriously alarmed, annoyed or harassed and the conduct in fact seriously alarms, annoys or harasses the person and serves no legitimate purpose." A.R.S. § 12-1809(T)(1)(a). At a minimum, two incidents are required. *LaFaro*, 203 Ariz. at 486, ¶ 14.

**¶11** Berrey asks this court to vacate the IAH because he claims there was not a series of harassing events with no legitimate purpose. But the superior court found reasonable evidence of two instances of harassment. The first occurred April 10, 2023, when Berrey blocked access of an easement that allowed the Eurestes to access their property. And the second occurred June 5, 2023, when Berrey went on to the Eurestes'

property to harass construction workers. Record evidence supports the court's findings.

**¶12**　　　　Mary Eureste testified Berrey blocked access to their property on April 10th by parking his car on the only easement available to access their property. Berrey admitted to blocking the easement but claimed a Sherriff's deputy told him he could park his car on the road because the road was on his property. And though Berrey insisted the Eurestes had access to their property through another easement, Mary Eureste offered conflicting testimony that they did not have access to their property by any other way until months later.

**¶13**　　　　Michael Eureste testified Berrey came on to their property and harassed the construction workers on June 5th. Again, Berrey did not deny coming on to the property. Rather, he testified he was only "asking who [they] were [so] that [he] could hire them for another job."

**¶14**　　　　Essentially, Berrey asks this court to reweigh conflicting testimony and to make a credibility determination between the witnesses. Because the superior court is in the best position to judge witness credibility, we will not reweigh the same. *Hurd*, 223 Ariz. at 52, ¶ 16. The court found the Eurestes' testimonies more credible than Berrey's. On this record, Berrey has shown no error.

**¶15**　　　　Berrey also argues the superior court erred by denying his motion to continue the evidentiary hearing so he could gather evidence. We review the denial of a motion to continue for an abuse of discretion. *Nordale v. Fisher*, 93 Ariz. 342, 345 (1963).

**¶16**　　　　A defendant is entitled to one hearing challenging an IAH issued against him. A.R.S. § 12-1809(H). The hearing must "be held within ten days from the date requested unless the court finds compelling reasons to continue the hearing." *Id.*

**¶17**　　　　In his motion to continue, Berrey stated he needed more time to collect "requisite records" from the Sheriff's Office, including incident reports and body camera footage. He informed the court the Sheriff's Office gave him a timeline of at least three months before they could fulfill his request. The superior court denied Berrey's motion to continue because it "did not find a compelling reason" to continue the hearing for three months. More specifically, the court concluded Berrey failed to "identify the records [and did not] indicate what relevance, if any, they had to issues that would be addressed at the . . . hearing."

4

**¶18**     We cannot say the superior court abused its discretion in denying Berrey's motion. Berrey failed to explain why the requested records and videos were important for the IAH hearing and, based upon the email from the Sheriff's Office, Berrey could have obtained incident reports much sooner had he filed a separate request for them.

**¶19**     Finally, Berrey argues the superior court was obligated to physically serve him the denial of his motion to continue rather than emailing the denial to him. But Berrey has provided no legal citation to support his position, and we are aware of none. *See* ARCAP 13(a)(7)(A); *Ramos v. Nichols*, 252 Ariz. 519, 522, ¶ 8 (App. 2022).

## CONCLUSION

**¶20**     We affirm.

