[Civil No. 1728.   Filed February 25, 1920.]

[187 Pac. 573.]

## THOMAS CHILDS, Appellant, v. H. E. FREDERICKSON, Appellee.

APPEAL AND ERROR—APPELLEE'S FAILURE TO FILE BRIEF CONFESSION OF ERROR.—Notwithstanding the discretion permitted by Civil Code of 1913, paragraph 1266, where the question presented by an appeal is novel and important, and has been elaborately briefed by appellant, but appellee has filed no brief, the applicable rule, in the absence of showing of poverty on part of appellee, or other good reason is that appellee's failure to file a brief is deemed a confession of the error assigned by appellant.

APPEAL from a judgment of the Superior Court of the County of Pima.   Samuel L. Pattee, Judge. Remanded, with directions to grant new trial.

Messrs. Richey & Richey and Mr. John W. Mayes, for Appellant.

Mr. Louis G. Hummel, Mr. George O. Hilzinger and Mr. W. L. Barnum, for Appellee.

PER CURIAM.—The appellant, against whom there was a verdict, moved for a new trial upon all the issues of the case.   The ruling of the court upon the motion for a new trial is as follows:

"The court, being now fully advised in the premises, does order that the verdict herein be set

---

For effect of failure of appellee or defendant in error to file brief in appellate court, see note in **Ann. Cas.** 1914A, 485.

aside only in respect to damages and in accordance with paragraph 598, Revised Statutes of Arizona, and further orders that a new trial be granted upon the question of damages only."

The appellant assigns as error the refusal of the court to set aside the judgment, and the refusal to grant him a new trial on the whole of the issues in the case.

In due course, as the rules of the court require, appellant served and filed copies of his brief. Whether his position is the correct one or not, he has gone into it quite elaborately, citing many decisions and authorities. The appellee has paid no attention to the questions propounded by the appellant. He has filed no brief, but has left the work of searching the authorities entirely with the court. The question is a novel one in this jurisdiction, and should not be decided without thorough investigation. In such circumstances, the statute (paragraph 1266, Civ. Code), permits the court to exercise its discretion as to whether it will go into the merits of the appeal.

In November, 1915, we handed down an opinion in *Merrill* v. *Wheeler,* 17 Ariz. 348, 152 Pac. 859, in which we notified the bar of this state that, upon a failure on the part of the appellee to file with the court a brief to sustain his side of the case, we would conclude "that his attitude is a confession of the error assigned by appellant." There is nothing in this record that should cause us to recede from that position. We think cases may arise in which our discretion should be exercised in favor of an examination into the merits of the case notwithstanding the failure upon the part of the appellee to file a brief, as where he may be too poor to employ counsel to represent him, or perhaps for other good reason, but in this case the appellee, as representative of a mining corporation, was suing for damages for a

breach of contract, and could hardly lay just claim to any leniency from the court for his delinquencies.

We think the error assigned should be taken as confessed, and for that reason the cause is remanded, with directions that the motion for a new trial of all the issues of the case be granted.