[Civil No. 1926.   Filed February 2, 1922.]

[203 Pac. 1082.]

FRANK W. SKELSEY, Appellant, v. JENNIE W.
KUHN, Appellee.

APPEAL AND ERROR—APPELLEE'S FAILURE TO FILE BRIEF CONFESSION
OF ERROR.—Failure of appellee to file a brief *held*, in view of the
novel questions presented, a confession of the errors assigned by
appellant, so that reversal would follow.

APPEAL from a judgment of the Superior Court
of the County of Maricopa. R. C. Stanford, Judge.
Reversed.

STATEMENT OF FACTS.

Jennie W. Kuhn brought this action against Frank
W. Skelsey, alleging that she was the owner of lot
Twenty (20) in block Thirteen (13) of Grand
Avenue addition to the city of Phoenix, which said
lot is commonly known as No. 1712 West Olive
Street, and that defendant claimed an estate and
interest therein adverse to plaintiff, and prayed
that her title might be quieted as against said de-
fendant. The defendant in his answer denied that
plaintiff was the owner of said lot, and by way of
counterclaim alleged title in himself in fee simple
by virtue of deed from Edward H. Skelsey dated July
28, 1920. Upon the issue thus formed the case was
tried before the court with a jury, with the result
that a verdict was returned in favor of the plaintiff
and against the defendant, whereupon judgment was
rendered quieting the plaintiff's title. The defend-
ant has appealed from the order of the court over-
ruling his motion for a new trial and from the judg-
ment.

Both parties deraign title from a common source, to
wit, Edward H. Skelsey. Plaintiff has no written

evidence of title and no witness to the facts going to make up her claim of title except herself. Her narrative of the facts is that she and Edward H. Skelsey met in June, 1911, and shortly thereafter agreed that they would put their money together and buy No. 1710 West Olive Street, Phoenix, so that they would have a home. Thereupon they bought said piece of property, taking the title in Skelsey's name, and after it was paid for they mortgaged it for $100 (plaintiff signing mortgage as Mrs. Skelsey) to make first payment on No. 1712 West Olive Street. This purchase was made in 1917, to rent so that they might have an income from it. It also was deeded to Skelsey. Plaintiff says:

"We joined our money and joined our work and put our proceeds into these places. . . . If he died, I was to have all clear and clean absolutely, and if I died he was to have all."

How much or what proportion of the purchase price of these places plaintiff contributed is not shown. She specifically mentions one item of $75. Skelsey died August 7, 1920, after a lingering sickness from February, 1920. By a deed dated July 2, 1920, he conveyed the home place, No. 1710, to plaintiff, and by a deed dated July 28, 1920, he conveyed No. 1712 to defendant, his son. Plaintiff says she knew of this last deed within one or two days after its date. Before his death, Edward H. Skelsey told plaintiff and others that he was going to deed one lot to his son, Frank, and one lot to plaintiff, to repay her in some way for the help she had been to him, and to cover any interest she might have in their community property. Thirteen days after Edward H. Skelsey died plaintiff wired defendant at Seattle, Washington, "Will look after your place. . . . " And on September 2, 1920, she wrote defendant, among other things:

"They [the tenants] are going to vacate the place [meaning place in dispute] September 11th, when I will clean it up and rent it for you. . . . As soon as I can rent it I will do so and send you the same. I will deal square with you, Frank, if you will do the same with me. . . . You ask me what I did with the money that was left. Why, I did as your father told me to. I built myself a fourteen by fourteen house on my lot to live in when I was not working. That is what I did with what he gave me."

The plaintiff and Edward H. Skelsey were not married, although plaintiff states in her testimony that she was known by the name of Mrs. Skelsey.

Messrs. Thalheimer & Hart, for Appellant.

Messrs. Kibbey, Bennett, Gust & Smith, for Appellee.

ROSS, C. J. (After Stating the Facts as Above).— The defendant assigns several errors, as that the court erred in its instructions to the jury, in the admission of evidence of the alleged oral contract, and finally that the verdict and judgment were not supported by the evidence. These assignments are briefed and argued by defendant to considerable extent, and from our examination of them we feel that they should be sustained. The appellee, in fact, does not resist these assignments. She has filed no brief, although the questions involved are to say the least very novel. In an action to quiet title plaintiff by her evidence sought to establish a trust in her favor in real estate and a declaration of the court to the effect that her equitable title was superior to the title of defendant. Under like circumstances in *Childs* v. *Frederickson*, 21 Ariz. 248, 187 Pac. 573, we treated the appellee's failure to file a brief as a confession of the errors assigned by appellant, citing a previous decision to the same effect, *Merrill* v. *Wheeler,* 17

23 Ariz.—24

Ariz. 348, 152 Pac. 859. In *Rudd* v. *Wilson,* 32 Okl. 85, Ann. Cas. 1914A, 485, 121 Pac. 252, the court said:

"The failure of the defendants in error to appear or file any brief must be taken as a confession of the alleged errors, at least sufficient to warrant a reversal of the judgment."

The annotation of *Rudd* v. *Wilson,* Ann. Cas. 1914A, is a review of the rule throughout the country, and the deduction is there made that the courts generally treat the neglect of the appellee to file a brief as an admission of the correctness of the errors assigned by the appellant. We have less hesitancy in following that rule in this case than otherwise, because in the two Arizona decisions above cited warning was given to the bar that such would be the action of this court upon a failure of the appellee to file a brief.

The judgment is reversed and the cause remanded, with directions that action be taken in accordance herewith.

McALISTER and FLANIGAN, JJ., concur.