[Civil No. 1996.  Filed September 20, 1922.]

[209 Pac. 300.]

RHODA G. HATCH, Appellant, v. GEORGE B. LEIGHTON, ED C. JACOBS and JOHN DOE JACOBS, Appellees.

1. MINES AND MINERALS—NOTICE OF INTENT TO HOLD CLAIM MUST BE FILED EACH YEAR DURING 1917 AND 1918 UNDER STATUTORY SUSPENSION OF ANNUAL WORK.—Under Resolution of Congress of October 5, 1917, suspending during 1917 and 1918 that provision of Revised Statutes of the United States, section 2324 (U. S. Comp. Stats., § 4620), requiring certain annual work upon unpatented claims, it was necessary to file required notices of desire to hold

the claims in each year in order to obtain the statutory benefit for both years.

2. MINES AND MINERALS—LESSEE'S EMPLOYEE COULD FILE LOCATION NOTICE ADVERSE TO LESSOR.—The employee of lessee of unpatented mining property, though lessee had agreed with lessor to file for him all necessary notices, does not occupy fiduciary relations such as to prevent her enforcing her own location notice on the leased property adversely to lessor, especially where lessor relied exclusively on lessee.

3. MINES AND MINERALS—LESSEE'S EMPLOYEE COULD FILE LOCATION NOTICE ADVERSE TO LESSOR, THOUGH HE FORMERLY FILED NOTICE FOR LESSOR SUSPENDING ANNUAL WORK.—The mere fact that lessee's employee filed on behalf of lessor of unpatented mining property the notice required under Resolution of Congress of October 5, 1917, suspending that provision of Revised Statutes of the United States, section 2324 (U. S. Comp. Stats., § 4620), requiring annual work upon claims, does not show a fiduciary relationship in the employee such as to prevent her enforcing adversely to lessor her own location notice on the leased property, though lessee had agreed with lessor to file for him all necessary notices.

4. APPEAL AND ERROR—APPELLEE'S FAILURE TO ANSWER BY BRIEF APPELLANT'S ASSIGNMENTS IS CONFESSION OF ERRORS ASSIGNED.—Appellee's failure to answer by brief appellant's assignments is a confession of the errors assigned.

APPEAL from a judgment of the Superior Court of the County of Yuma. F. L. Ingraham, Judge. Reversed.

Mr. Thos. D. Molloy for Appellant.

No appearance for Appellee.

McALISTER, J.—Rhoda G. Hatch brought this action against George B. Leighton, Ed C. Jacobs and John Doe Jacobs for possession of a mining claim and damages for withholding, and from a judgment dismissing her cause of action she appeals.

It appears from the complaint that appellant is now, and was at all times after May 7, 1919, owner in fee, subject to the paramount title of the United States, of the Tehauntepec lode mining claim situate in the Ellsworth mining district, Yuma county, Ari-

zona, and that on the first day of July, 1919, defendants unlawfully and without right entered into possession of said claim ejecting her therefrom, and have ever since unlawfully withheld possession to her damage in the sum of $1,000.

The answer of George B. Leighton, the only defendant appearing, alleges that on November 7, 1917, he became the owner, subject to the paramount right of the United States of the Irene mining claim, located January 1, 1916, by one Frank Holmes, and that it covers the same ground as the said Tehauntepec claim; that theretofore, to wit, on October 26, 1917, he had leased to one Joseph Nohlechek, of Wenden, Arizona, for a term of three years from that date, the Critic mining claim situated in the same district and very nearly contiguous to the Irene, and that in connection with the operation of the Critic he gave said Nohlechek permission to use said Irene claim on which were located certain buildings; that after the execution of the lease said Nohlechek and plaintiff, Hatch, who were associated in the working of said Critic mine, promised and agreed to do all necessary annual work and file all necessary papers and notices to protect his title to the said Irene mining claim, and that on account of the relation of trust and confidence existing between him and the said Nohlechek and Hatch by virtue of the association of the latter two under said lease, defendant depended upon them to attend to this for him, but they falsely and fraudulently failed to fulfill their promise in this respect for the purpose and with the intention of dishonestly depriving the defendant Leighton of his right and title to said claim, and that in furtherance of this purpose the plaintiff on the seventh day of May, 1919, filed in the office of the county recorder of Yuma county a location notice of the ground covered by the said Irene claim, describing and naming it the Tehauntepec Lode mining claim.

It was established by the testimony that appellant's location of the Tehauntepec was sufficient, provided the ground was then open for that purpose; that Leighton became the owner of the Irene on November 7, 1917, and leased to Nohlechek on October 26, 1917, for a term of three years the Critic claim, in connection with the working of which he then or later permitted Nohlechek, impliedly at least to use the Irene; that a notice of holding the latter claim without assessment work during the years 1917 and 1918 under the joint resolution of the House and Senate of the United States Congress, dated December 6, 1917, and signed ''George B. Leighton, by Rhoda G. Hatch,'' was recorded in the office of the county recorder of Yuma county on December 19, 1917, and another one, like it in all respects, except that it was dated December 22, 1917, and signed ''George B. Leighton,'' was recorded in the same office on December 29, 1917; that no such notice was filed for record with the county recorder during the year 1918, nor was the annual assessment work for that year, or any part of it, performed; that appellant was in no way associated with Nohlechek in the working of the Critic mine except as an employee, and she denied that she had promised to look after the filing of the above-mentioned notice with the county recorder for the year 1918, while appellee himself testified that he depended upon Nohlechek exclusively to do everything necessary to protect his title.

Under the Resolution of Congress passed October 5, 1917 (40 Stat. 343), suspending during the years 1917 and 1918 that provision of section 2324 of the Revised Statutes of the United States (U. S. Comp. Stats., § 4620), requiring so much annual work on each unpatented mining claim, it was necessary, in order to obtain the benefits of such resolution, that—

''every claimant of any such mining claim . . . file or cause to be filed in the office where the location

notice or certificate is recorded on or before December thirty-first, of each of the years nineteen hundred and seventeen and nineteen hundred and eighteen, a notice of his desire to hold said mining claim under this resolution."

It is clear from this that the notice filed in December, 1917, for both 1917 and 1918, was good only for the year in which it was filed, since under the Resolution of Congress it was necessary that it be filed in each of those years before the owner of a claim could obtain its benefits for both, just as under the law requiring annual assessment work at least $100 worth of labor must be performed each year on an unpatented claim in order to hold it, notwithstanding many hundreds of dollars in labor may have been expended on it the previous year.

But it is claimed that appellant was estopped by reason of the fiduciary relation she sustained towards appellee from locating the Tehauntepec, and that whatever title she may have as a result of her acts should be impressed with a trust for the benefit of appellee. The record, however, fails to disclose such a relationship. Appellant was merely an employee of Nohlechek, having no interest whatever in the lease on the Critic claim, and her denial of the statement that she promised to look after the filing of the required notice in the office of the county recorder is corroborated by appellee's testimony that he relied exclusively on Nohlechek to attend to this for him. The mere fact that she prepared and filed a notice in 1917, signed "George B. Leighton, by Rhoda G. Hatch," does not of itself show a fiduciary relationship, and the record is that this was done because she feared the notice sent by Nohlechek to Leighton for his signature, and by him filed December 29, 1917, might not be received before the year expired. The record is lacking in any evidence showing it to be her duty to attend to the filing of the notice for

1918, or indicating that appellee relied on her to do this for him; hence there was nothing to prevent her from locating the Tehauntepec any time after December 31, 1918.

A number of errors are assigned, and we think those dealing with the court's ruling on the controlling question of the fiduciary relationship of the parties should be sustained. In fact, appellee himself has failed to answer them by brief, and when such action, or rather inaction, is taken, it has been held by this court on several occasions that it is a confession of the errors assigned. *Skelsey* v. *Kuhn,* 23 Ariz. 367, 203 Pac. 1082; *Childs* v. *Frederickson,* 21 Ariz. 248, 187 Pac. 573; *Merrill* v. *Wheeler,* 17 Ariz. 348, 152 Pac. 859. In *Skelsey* v. *Kuhn, supra,* we said:

"The annotation of *Rudd* v. *Wilson,* Ann Cas. 1914A, is a review of the rule throughout the country, and the deduction is there made that the courts generally treat the neglect of the appellee to file a brief as an admission of the correctness of the errors assigned by the appellant. We have less hesitancy in following that rule in this case than otherwise, because in the two Arizona decisions above cited warning was given to the bar that such would be the action of this court upon a failure of the appellee to file a brief."

The judgment is reversed and the cause remanded, with directions that action be taken in accordance with the view herein expressed.

ROSS, C. J., and FLANIGAN, J., concur.