[Civil No. 3110.  Filed February 23, 1932.]

[8 Pac. (2d) 248.]

CALVIN Y. ADKINS, Appellant, v. GLEN ROWE ADKINS, Appellee.

Mr. H. M. Van Denburgh, for Appellant.

No appearance for Appellee.

LOCKWOOD, J.—Calvin Y. Adkins, hereinafter called appellant, brought suit against Glen Rowe Adkins, hereinafter called appellee, for the purpose of annulling a marriage existing between them. Summons was duly served personally upon appellee, but she failed to appear or answer it within the time required by statute, and a default was entered; whereupon appellant presented evidence in support of his complaint, and judgment was rendered annulling the marriage. A few days thereafter appellee filed notice of a motion to set aside the judgment and default, and to permit her to answer. This motion was accompanied by an affidavit of merits and an answer which she asked leave to file. The trial court on due consideration of the matter granted her motion, and from the order setting aside the judgment and default this appeal is taken.

We have held in the very recent case of *Beltran* v. *Roll, ante,* p. 417, 7 Pac. (2d) 248, that in order that a judgment rendered upon a default may be set aside and the defendant permitted to answer, a motion to that effect must be supported by an affidavit of merits which shows on its face that the defendant has a substantial and meritorious defense, and of what it consists, and it must also appear that the failure of the defendant to answer was the result of excusable conduct on his part.

The answer supporting the affidavit of merits in this case does set up what would be, if true, a meritorious defense to the action. We think, however, there is at least grave doubt whether the showing made by appellee is sufficient to excuse her failure to appear and answer within the statutory time. Appellant has filed a brief which shows that the question is at least a debatable one, while appellee has failed to file any brief whatever.

We have held in several cases that a failure to file an answering brief is equivalent to a confession of error by the appellee, and that when on examination of the record it appears a debatable question is raised by the appellant and no reasonable cause is shown for appellee's failure to file a brief, we will reverse the case. *Navarro* v. *State,* 32 Ariz. 119, 256 Pac. 114; *Merrill* v. *Wheeler,* 17 Ariz. 348, 152 Pac. 859; *Childs* v. *Fredrickson,* 21 Ariz. 248, 187 Pac. 573; *Skelsey* v. *Kuhn,* 23 Ariz. 367, 203 Pac. 1082; *Hatch* v. *Leighton et al.,* 24 Ariz. 300, 209 Pac. 300.

We think the above statement of facts brings this case clearly within the rule just laid down. The order appealed from is set aside and the case remanded, with instructions to reinstate the judgment heretofore rendered in favor of appellant.

McALISTER, C. J., and ROSS, J., concur.