[Civil No. 3552.   Filed December 23, 1935.]

[52 Pac. (2d) 1183.]

MRS. A. J. ARMSTRONG, Executrix of the Last Will and Testament of Josephine Blalack, Otherwise Known as Mrs. J. R. Blalack, Appellant, v. JOSEPH R. BLALACK, Appellee.

Mr. Geo. M. Roark, for Appellant.

Mr. C. I. McReynolds, for Appellee.

LOCKWOOD, C. J.—This is an appeal by Mrs. A. J. Armstrong as executrix of the last will and testament of Josephine Blalack, hereinafter called defendant, from a judgment in favor of Joseph R. Blalack, hereinafter called plaintiff, declaring the latter to be the owner of an undivided 2/11 interest in certain real estate which stood in the name of defendant's testator.

Plaintiff has filed no brief herein, and we might consider this as a confession of error on his part. *Adkins* v. *Adkins,* 39 Ariz. 530, 8 Pac. (2d) 248. Since, however, the case was tried upon a stipulation of facts, and the legal question presented by the appeal is both clear and simple, we consider the appeal on its merits. This stipulation, so far as necessary for the consideration of the appeal, reads as follows:

"I. That the plaintiff, Joseph R. Blalack, and the defendants intestate, Josephine Blalack, were on the 15th day of January, 1926, husband and wife.

"II. That on said date they purchased the real estate in controversy herein from Henry F. Murphy and his wife Mary A. Murphy, for the sum of $2750.00, the consideration being paid with $500.00 of the plaintiff's separate property, and $2250.00 of Josephine Blalack's separate property.

"III. At the request and under the direction of both the plaintiff, Joseph R. Blalack, and his wife, Josephine Blalack, the real estate so purchased was by a deed duly executed by the Murphys, conveyed to Josephine Blalack as her separate estate.

"IV. After the execution of the aforesaid deed the Blalacks lived together as husband and wife until the death of Josephine Blalack on April 21st, 1931. That from the date of the aforesaid deed the property was assessed for taxes as the property of the wife.

"V. It is further stipulated and agreed that upon the trial of this action the plaintiff J. R. Blalack would testify that in paying the $500.00 on the purchase price of the property he did not intend to make a gift of the money so paid to his wife, but that on the contrary he expected to be reimbursed for such money so expended.

"VI. That in arriving at its decision the court shall regard and treat the above statement of Joseph R. Blalack as having been testified to by him in open court."

The court found that upon these facts a resulting trust was created by operation of law in favor of the plaintiff as against Josephine Blalack as to 2/11 of the real estate involved in this action, and that he was, therefore, the equitable owner of a 2/11 interest therein. Section 404, Restatement of the Law of Trusts, defines a resulting trust as follows:

"A resulting trust arises where a person makes or causes to be made a disposition of property under circumstances which raise an inference that he does not intend that the person taking or holding the property should have the beneficial interest therein, unless the inference is rebutted or the beneficial interest is otherwise effectively disposed of."

The same authority declares that where a transfer of property is made to one person and the purchase price is paid by another, a resulting trust arises in favor of the person by whom the purchase price is paid. There are, however, certain exceptions to the rule. One of these exceptions is stated in section 445, Restatement of the Law of Trusts, as follows:

"Where payor pays purchase price as a loan to the transferee. Where a transfer of property is made to one person and the purchase price is advanced by another as a loan to the transferee, no resulting trust arises."

It will be observed that the agreed statement of facts alleges that plaintiff would testify that he expected to be *reimbursed* for the money which he had advanced for such purchase, and not that he expected to own any interest in the property. In such a case the result is the same as though the payor first loaned a fraction of the purchase price to the borrower, and the borrower then paid the amount so borrowed to the vendor, and the conveyance was made by the vendor to the borrower. Although the purchase price is not paid directly by the borrower to the vendor, it is paid for him by the lender and the borrower is, in substance, the person who pays it. Since the person who paid the purchase price or a part thereof, in this case the plaintiff, manifested an intention that the transferee should be liable to repay the purchase price advanced by the former, no resulting trust arose, and the court was, therefore, in error in adjudging him the owner of any portion of the property. Whether or not he may file a claim against the estate of his deceased wife for the amount which, according to his statement, he loaned her, is a matter we need not determine in the present action.

The judgment is reversed, and the case remanded to the superior court of Cochise county, with instructions to enter judgment for defendant.

McALISTER and ROSS, JJ., concur.