NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

ELIZABETH A. THOMAS-HOFFMAN, *Petitioner/Appellee*,

*v.*

DAN D. HOFFMAN, *Respondent/Appellant*.

No. 1 CA-CV 25-0160 FC

FILED 10-24-2025

Appeal from the Superior Court in Maricopa County
No. FC2008-092250
The Honorable Michael Valenzuela, Judge

**APPEAL DISMISSED IN PART;
REVERSED AND REMANDED IN PART**

APPEARANCES

Dan D. Hoffman, Mesa
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge David B. Gass and Judge Andrew J. Becke joined.

---

**B R O W N**, Judge:

¶1        Dan D. Hoffman ("Husband") appeals the superior court's order granting Elizabeth A. Thomas-Hoffman's ("Wife") post-decree petition to enforce and awarding attorneys' fees to Wife.  Because Husband raises debatable issues and Wife failed to file an answering brief, she has confessed error on the court's resolution of the petition to enforce.  We therefore reverse and remand for entry of judgment in Husband's favor.  To the extent Husband seeks to challenge the fee award, we dismiss that portion of his appeal for lack of jurisdiction.

## BACKGROUND

¶2        Husband and Wife married in July 1997.  Eleven years later, Wife filed for dissolution, and the superior court issued a dissolution decree in October 2008.  The decree included a separate agreement dividing property and debts ("Agreement") that was "incorporated into, but not merged with," the decree.

¶3        Under the Agreement and as pertinent here, Husband received the marital home, but subject to two conditions: (1) he had to refinance the mortgage or otherwise remove Wife's liability within one year of issuance of the decree, and (2) he had to make five annual payments to Wife totaling $150,000 for her equitable interest in the home, with the last payment due in October 2013.  If Husband failed to meet either condition, Wife had "the right to require Husband to sell the house" and receive "the full balance owed . . . for her interest in the home from the home sale proceeds."

¶4        In November 2023, Wife petitioned to enforce the Agreement, alleging Husband failed to satisfy both conditions.  Wife therefore sought an order compelling Husband to list the home for sale and awarding her interest, attorneys' fees, and costs.

¶5        Husband responded, arguing in part that the Agreement overvalued the equity in the home.  Husband later moved to dismiss the

petition, noting the Agreement was incorporated into, but not merged with, the decree and thus the six-year statute of limitations under A.R.S. § 12-548 precluded Wife's petition. Wife did not respond, and the superior court denied Husband's motion, explaining the funds he owed Wife were an equitable lien, not a contractual debt.

¶6　　　After an evidentiary hearing, the superior court ruled in Wife's favor, finding Husband willfully violated the decree. The court ordered Husband to sell the home, with Wife to receive $150,000 from the sale proceeds. The court awarded attorneys' fees to Wife but entered judgment under Arizona Rule of Family Law Procedure ("Rule") 78(b) because the amount of the award still needed to be determined. Husband's timely appeal followed, and we have jurisdiction under A.R.S. § 12-2101(A)(2).

## DISCUSSION

¶7　　　Husband challenges the superior court's decision, asserting the six-year statute of limitations under A.R.S. § 12-548 barred Wife's claims. For her part, Wife did not file an answering brief.

¶8　　　We review the superior court's ruling on a post-decree petition to enforce for an abuse of discretion. *In re Marriage of Rojas*, 255 Ariz. 277, 282, ¶ 10 (App. 2023). We review questions of law, including the applicability of a particular statute of limitations, de novo. *Larue v. Brown*, 235 Ariz. 440, 443, ¶ 14 (App. 2014); *Occhino v. Occhino*, 164 Ariz. 482, 484 (App. 1990) (stating that "[w]hether a particular statute of limitations applies to any given action is a matter of law").

¶9　　　We apply these standards of review and analyze Husband's arguments through the lens of Wife's failure to file an answering brief. *See Tiller v. Tiller*, 98 Ariz. 156, 157 (1965). When an appellant raises debatable issues and the appellee has no good cause for failing to respond, we generally construe that failure as a confession of reversible error. *Nelson v. Nelson*, 91 Ariz. 215, 217 (1962); *Mower v. Street*, 79 Ariz. 282, 283 (1955). Arizona courts have not precisely defined what makes an issue "debatable." However, the concept includes circumstances when the opening brief claims error with supporting authority, it would require significant work to refute the opening brief, *Merrill v. Wheeler*, 17 Ariz. 348, 350 (1915), or there is "at least grave doubt" about the superior court's order, *Adkins v. Adkins*, 39 Ariz. 530, 532 (1932). In contrast, a matter is not debatable when the answer is clear from the record. *See, e.g., Honsey v. Honsey*, 126 Ariz. 336, 337 (App. 1980).

¶10 Nothing in the record suggests Wife had good cause for failing to provide an answering brief. The record shows a copy of the notice of appeal was sent to Wife on January 28, 2025. The record also confirms a copy of the amended notice of appeal was emailed to Wife on February 17, 2025. And Husband's certificate of service indicates that he mailed a copy of his opening brief to Wife on April 28, 2025. Because Wife did not file an answering brief, we ordered the appeal submitted for decision on the record and opening brief. Therefore, if Husband has raised a debatable issue, Wife has confessed error.

### A. Contractual Liability and Statute of Limitations

¶11 Husband argues the superior court erred in ruling in Wife's favor because the Agreement was incorporated into, but not merged with, the decree, making it a contract subject to a six-year statute of limitations. *See* A.R.S. § 12-548.

¶12 Parties to a dissolution proceeding "may enter into a written separation agreement containing provisions for disposition of any property owned by either of them[.]" A.R.S. § 25-317(A). A separation agreement can be either merged into a dissolution decree or incorporated by reference into the decree. If "the separation agreement [is] set forth or incorporated by reference in the decree of dissolution," and the decree orders the parties to perform the terms of the agreement, the separation agreement is merged into the decree under A.R.S. § 25-317(D). *See LaPrade v. LaPrade*, 189 Ariz. 243, 247–48 (1997); *see also In re Matter of Scott*, No. 1 CA-CV 24-0698 FC, 2025 WL 905112, at *1, ¶ 7–8 (Ariz. Ct. App. Mar. 25, 2025) (mem. decision). On the other hand, a separation agreement is incorporated by reference "[i]f the separation agreement provides that its terms shall not be set forth in the decree," and the decree identifies the agreement as incorporated by reference under A.R.S. § 25-317(D). *LaPrade*, 189 Ariz. at 247.

¶13 If a separation agreement is merged, it is "superseded by the decree, and the obligations imposed are . . . those imposed by decree, and enforceable as such." *Marriage of Rojas*, 255 Ariz. at 282, ¶ 14. In contrast, if a separation agreement is incorporated by reference, "the agreement retains its independent contractual status and is subject to the rights and limitations of contract law." *Id.* at ¶ 16 (quotation and citation omitted).

¶14 Here, the decree incorporated the parties' Agreement by reference and thus the Agreement did not merge with the decree. As a result, the Agreement can only be enforced by a separate action on the contract. *Id.* at ¶ 17; *see also Helber v. Frazelle*, 118 Ariz. 217, 219 (1978),

overruled on other grounds by *Solomon v. Findley*, 167 Ariz. 409 (1991) (explaining that when there is no merger, rights arising out of the separation agreement can only be enforced by bringing a separate action on the contract, by obtaining a judgment thereon, and then enforcing it as any other civil judgment).

¶15        Two debatable issues arise under *Rojas*.  First, Wife filed her petition to enforce the decree in the parties' divorce case.  A debatable issue exists on whether Wife needed to file a contract action to recover damages rather than seeking relief in the dissolution proceeding.

¶16        Second, A.R.S. § 12-548(A) requires "[a]n action for debt [to] be commenced and prosecuted within six-years after the cause of action accrues, and not afterward, if the indebtedness is evidenced by . . . [a] contract in writing that is executed in this state."  Under A.R.S. § 12-548(A), "debt" includes actions for damages for breach of contract.  *Woodward v. Chirco Constr. Co.*, 141 Ariz. 520, 525 (App. 1984).  Wife's claim for damages against Husband for his unpaid obligations began each time he was in default for failing to pay each of the five annual payments contemplated under the Agreement.  Because the fifth (and final) payment was due in October 2013, the six-year statute of limitations under A.R.S. § 12-548 ended in October 2019.  Additionally, Wife's claim that Husband did not refinance the home or otherwise remove her liability from the mortgage began in October 2009, and the six-year statute of limitations period ended in October 2015.  Yet Wife did not file her petition to enforce until November 2023, well after the statute of limitations had expired for both claims.  Husband has shown a debatable issue exists on whether the claims Wife asserted in her petition are time barred.

¶17        At a minimum, Husband has raised "grave doubts" about the superior court's decision, which means Wife has confessed that reversible error occurred.  *Adkins*, 39 Ariz. at 532.  Given our conclusion, we need not address Husband's argument that Wife's petition is time-barred by A.R.S. § 12-1551.

## B.        Attorneys' Fees

¶18        Husband also challenges the superior court's award of attorneys' fees and costs to Wife.  However, the Rule 78(b) judgment from which he appeals neither includes the amount of attorneys' fees the court allegedly awarded nor does the record include any information about whether the court later awarded a specific amount of attorneys' fees to Wife.  Thus, we dismiss this portion of Husband's appeal for lack of

jurisdiction. *See Hernandez v. Athey,* 256 Ariz. 530, 533, ¶ 8 (App. 2023) (dismissing appeal for lack of jurisdiction because the superior court had not determined the amount of attorneys' fees to be awarded).

## CONCLUSION

**¶19** We dismiss the portion of Husband's appeal attempting to challenge the superior court's award of attorneys' fees to Wife. As to Wife's petition to enforce, we reverse the court's order and remand for entry of judgment in Husband's favor. We award taxable costs to Husband subject to his compliance with ARCAP 25.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR