NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

IVY MARIE CLAY, *Petitioner/Appellant*,

*v.*

BRETT MICHAEL GEISER, *Respondent/Appellee.*

No. 1 CA-CV 25-0241 FC
FILED 12-22-2025

Appeal from the Superior Court in Maricopa County
No. FC2022-053113
The Honorable Cassie Bray Woo, Judge

**AFFIRMED**

APPEARANCES

Ivy Marie Clay, Phoenix
*Petitioner/Appellant*

Brett Michael Geiser, Whittman
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the court, in which Judge Michael J. Brown and Judge Andrew J. Becke joined.

---

**G A S S**, Judge:

¶1         Clay appeals from the superior court's orders denying her post-dissolution motion for injunction to halt property sale immediately. Because the superior court did not abuse its discretion when it denied her motion, the court affirms.

## FACTUAL AND PROCEDURAL HISTORY

¶2         The court views the facts in the light most favorable to upholding the superior court's ruling. *IB Prop. Holdings, LLC v. Rancho Del Mar Apartments Ltd. P'ship*, 228 Ariz. 61, 63 ¶ 2 (App. 2011). The superior court digitally recorded the trial, and Clay filed a motion with the superior court about accepting digital recordings; she did not file that motion with the court. And she has not provided a transcript or the digital recording for appellate review. As the appellant, Clay must ensure the record on appeal contains all transcripts necessary for the court to consider the appeal. *See* Ariz. R. Civ. App. Proc. 11(c)(1)(A) (ordering transcripts of the superior court not already in the official record is the appellant's responsibility). With no transcript or electronic recording, the court "assume[s] the missing portions of the record would support the [superior] court's findings and conclusions." *State ex rel. Dep't of Econ. Sec. v. Burton*, 205 Ariz. 27, 30 ¶ 16 (App. 2003).

¶3         In 2022, Clay filed for divorce after 15 years of marriage. One year later, the superior court dissolved the marriage. In the decree, the superior court awarded Clay the marital residence as her "sole and separate property subject to any and all outstanding liens and encumbrances thereon." The superior court ordered Clay to refinance the residence by January 26, 2024. If Clay could not refinance the residence, then she had to sell it, and she and Geiser each would receive 50% of the net proceeds. Neither Clay nor Geiser appealed the decree.

¶4         Because Clay did not refinance and refused to cooperate in selling the residence, Geiser filed a Petition to Enforce Court Order about

Division of Property. Clay filed many motions after that, none of which are before the court in this appeal. Clay ultimately filed a Rebuttal to Motion for Sale of Marital Home. The superior court ultimately entered an order appointing a special commissioner to "market and sell" the residence. The superior court said, "[t]he parties must timely cooperate with the production, completion, and execution of all documentation requested by the Special Commissioner, related to the Property and reasonably necessary to facilitate the marketing and sale of said property."

¶5        Clay refused to work with the special commissioner and filed the motion at issue: Clay's January 17, 2025 Motion for Injunction to Halt Property Sale Immediately. The superior court denied that motion in a February 13, 2025 unsigned minute entry. Clay filed a notice of appeal from that minute entry. Ultimately, Clay secured a signed, appealable order from the denial of her request for injunctive relief. In denying the motion, the superior court explained its ruling:

> [B]ased on Wife being unable to refinance the mortgage and pay Husband one-half of the equity in the home, this Court has repeatedly affirmed the Court's Order for the marital residence to be placed on the market and sold, including most recently in the Court's January 10, 2025, Order on Respondent/Husband's Petition to Enforce. To the extent that Wife asserts she has been unable to refinance due to Husband failing to fulfill his financial obligations under the Decree, Wife is required to seek enforcement of the terms of the Dissolution Decree or pursue remedies in civil court for any judgments entered against Husband.

¶6        Clay's opening brief covers many issues not relevant to the issue on appeal. She makes a 1-paragraph argument about the superior court's order she appealed, writing:

> The trial court abused its discretion by denying the May 23, 2025, injunction (CR 88), ignoring Appellant's $515,000 offer, Respondent's $76,924.28 in debts ($17,830.53 judgment, $59,093.75 child expenses), and $4,110,821.18 in concealed assets ($3,486,450.86 PPS, $581,077.22 Chase accounts, $43,293.10 other) (Exhibit A-2, A-7, A-9). The $515,000 contract nets only $435,000 after an unheard of whopping $75,000+ in closing costs (I could sell for zero costs—I'm a broker), including $19,032.80 in sanctions, breaching RESC's fiduciary duty (Exhibit A-8; Realty Executives Int'l Servs. LLC

3

v. Devonshire W. Can. Ltd. P'ship, 248 Ariz. 496, 462 P.3d 568 (App. 2020)). The $372,869 UWM payoff included $3,869 in Respondent's costs (Exhibit A-5). **Enforcing his payment of $76,924.28 would have enabled refinancing, equitable division, and child's best interests, avoiding the sale (Hays v. Gama, 205 Ariz. 99, 67 P.3d 695 (2003); Sampson v. Murray, 415 U.S. 61 (1974)).** *Respondent's fraudulent disposition justifies stopping the sale & crediting his $23,394.18 equity share to Appellant (A.R.S. § 25-318(C); Kline v. Kline, 221 Ariz. 564, 212 P.3d 902 (App. 2009); In re Marriage of lnboden, 223 Ariz. 542, 225 P.3d 599 (App. 2010); Hatch v. Hatch, 23 Ariz. App. 487, 534 P.2d 295 (1975)).* **The court should immediately reverse the denial, restore the home, and garnish Respondent's accountss for what he owes Appellant. (A.R.S. § 12-1801 et seq.).**

The above is directly from Clay's opening brief without edits.

¶7        The court has jurisdiction under Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A(1) and -2101.A.5(b) (giving court of appeals jurisdiction over the "[g]ranting or dissolving an injunction or refusing to grant or dissolve an injunction or appointing a receiver").

## DISCUSSION

¶8        The court's April 14, 2025 order limited its jurisdiction in this appeal to Clay's Motion for Injunction to Halt Property Sale Immediately under A.R.S. § 12-2101.A.5(b). The court's first task in any case is to ensure the court has jurisdiction. *See Sorensen v. Farmers Ins. of Ariz.*, 191 Ariz. 464 (App. 1997) (dismissing the appeal after finding the court did not have jurisdiction). The court must dismiss an appeal over which it lacks jurisdiction. *See Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304 (App. 1991). Clay's opening brief raises arguments about many orders, including the decree. The court has no jurisdiction over any of those other issues.

I.        **Though Clay's opening brief does not comply with the Arizona Rules of Civil Appellate Procedure, the court will reach the merits of the appeal.**

¶9        The court must ensure "litigants conform to an acceptable, minimal level of competency and performance and we owe this responsibility to the judiciary, the bar and, more importantly, to all litigants and the people as a whole." *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022) (cleaned up). "An appellant who fails to make a bona fide and

reasonably intelligent effort to comply with the rules will waive issues and arguments." *Id.* (cleaned up). The court holds Clay, a self-represented litigant, to the same standards as a lawyer and does not afford her special leniency. *See id.* Though the court limited this appeal to one order, Clay's opening brief attempts to appeal every single superior court order. The court focuses its discussion on the relevant order.

¶10 As to the relevant order, Clay's opening brief does not set forth any legal grounds or identifiable arguments for reversing it. Clay also does not properly cite any legal authority or make any substantive argument. *See* Ariz. R. Civ. App. Proc. 13(a)(7)(A) ("Appellant's contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies."). For that reason, the court could consider Clay to have abandoned and waived her claim. *See id.*; *see also State v. Carver*, 160 Ariz. 167, 175 (1989) ("Failure to argue a claim usually constitutes abandonment and waiver of that claim.") (citation omitted).

¶11 Even so, the court exercises its discretion and decides Clay's appeal on its merits based on its own review of the record. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340 (App. 1984) (recognizing courts prefer to decide each case upon its merits rather than dismissing on procedural grounds).

## II. Though Geiser did not file an answering brief, the court will not treat that omission as a confession of error.

¶12 The court could treat Geiser's failure to file an answering brief as a confession of error. *See Welch v. United Mut. Benefit Ass'n*, 48 Ariz. 173, 174 (1936) (quoting *Navarro v. State*, 32 Ariz. 119, 120 (1927)); *see, e.g., Skelsey v. Kuhn*, 23 Ariz. 367 (1922); *Hatch v. Leighton et al.*, 24 Ariz. 300 (1922). But the court grants relief on confession of error only if the appellant raises a debatable question, and "no reasonable excuse is shown for the [appellee's] failure to appear and file a brief." *Welch*, 48 Ariz. at 175; *see also Navarro*, 32 Ariz. at 120–21 (assuming appellee confesses error if appellant raises a debatable question and appellee has no reasonable excuse for not filing an answering brief); *see also Carter v. State ex rel. Eyman*, 5 Ariz. App. 415, 415 (1967) ("[T]he failure to file an answering brief does not constitute a confession of reversible error since no debatable issue is presented.").

¶13 The Arizona Supreme Court has characterized a debatable question as one which would "require much industry and independent research to refute." *Merrill v. Wheeler*, 17 Ariz. 348, 350 (1915). It must spark

"at least grave doubt" in the superior court's order. *Adkins v. Adkins*, 39 Ariz. 520, 532 (1932). And any questions asked must raise a novel legal issue. *See Childs v. Frederickson,* 21 Ariz. 248, 249 (1920).

¶14 Clay's opening brief contains none of these characteristics. First, because Clay makes no arguments, Geiser had nothing to research. Second, Clay insists the superior court was acting biased towards her, but she provided no evidence to create a "grave doubt" in the superior court's decision. And third, rather than raising any novel legal questions, Clay continues to make conclusory statements about the superior court's bias towards her.

¶15 After examining both the record and Clay's opening brief, the court concludes Clay raises no debatable questions and thus does not treat Geiser's failure to file an answering brief as a confession of error. The court thus may affirm the superior court's decision. *See Verdex Steel & Constr. Co. v. Bd. of Supervisors, Maricopa Cnty.*, 19 Ariz. App. 547 (1973) (citation omitted).

**III.  The superior court did not abuse its discretion when it denied Clay's Motion for Injunction to Halt Property Sale Immediately under A.R.S. § 12-2101.A.5(b).**

¶16 The court reviews for abuse of discretion the denial of injunctive relief. *See Cnty. of Cochise v. Faria*, 221 Ariz. 619, 621 ¶ 6 (App. 2009). The court will not reverse the superior court's findings absent "a mistake of law" or clear error in determining the facts to the legal standard. *Shoen v. Shoen*, 167 Ariz. 58, 62–63, 66 (App. 1990). And the court will not reweigh the evidence on appeal. *Hurd v. Hurd*, 223 Ariz. 48, 52 ¶ 16 (App. 2009).

¶17 Because neither Clay nor Geiser appealed the decree, it became a final order. The decree directed Clay to refinance the residence and remove Geiser from the mortgage, or Clay had to sell the residence. Nothing in the decree excused Clay from those obligations. The superior court affirmed that provision of the decree and ordered the "residence to be placed on the market and sold."

¶18 At its core, Clay's request to have the superior court enjoin the sale was an effort to modify the property provisions in the decree, which the superior court could not do under this case's procedural posture. *See* A.R.S. § 25-327.A ("The provisions as to property disposition may not be revoked or modified, unless the court finds the existence of conditions that justify the reopening of a judgment under the laws of this state."); *Quijada*

*v. Quijada*, 246 Ariz. 217, 220 ¶ 6 (App. 2019) (discussing A.R.S. § 25-327.A). Rule 85(b), Arizona Rules of Family Law Procedure permits relief "from a final judgment if the moving party shows special circumstances justifying relief." *Id.* ¶ 7. Similar to *Quijada*, Clay is not entitled to relief because she did not ask for relief within 6 months after the superior court entered the decree. *See* Ariz. R. Fam. Law P. 85 (c)(1). Clay offers no basis as to why the judgment should be void. *See id.* at (b)(4). So she must rely on whether "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or . . . any other reason justifying relief." *Id.* at (b)(5)–(6).

**¶19** In that regard, Clay asked the superior court for relief and explained why she had not refinanced the residence. The superior court denied her request. On appeal, Clay asks the court to reweigh the evidence. She again lists all the reasons she did not refinance the residence. But she does not explain how the superior court abused its discretion when it enforced the Decree's unambiguous terms: "If unable to refinance by January 26, 2024, the property will be placed on the market to be sold. Equity is to be divided as follows: Ivy Marie Clay 50% Brett Michael Geiser 50%." The court will not reweigh the evidence on appeal. *Hurd*, 223 Ariz. at 52 ¶ 16.

**¶20** Finally, Clay makes conclusory statements alleging the superior court was biased against her. Opinions formed "on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a *deep-seated favoritism or antagonism that would make fair judgment impossible*." *State v. Henry*, 189 Ariz. 542, 546 (1997) (quoting *Liteky v. United States*, 510 U.S. 540, 555–56 (1994)) (emphasis added). The court thus presumes the superior court here acted free of bias and prejudice. *State v. Ramsey*, 211 Ariz. 529, 541 ¶ 38 (App. 2005). To overcome that presumption, Clay had to show bias by a preponderance of the evidence. *Id.* She did not.

## CONCLUSION

¶21        The court affirms.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:     JT