NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

MEGHAN GHARADAGHIAN, *Plaintiff/Appellant,*

*v.*

MONICA OLIVES, *Defendant/Appellee.*

No. 1 CA-CV 25-0465
FILED 01-26-2026

Appeal from the Superior Court in Maricopa County
No. CV2025-003985
The Honorable Jason Easterday, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Meghan Gharadaghian, *(Protected)*
*Plaintiff/Appellant*

Monica Olives, Phoenix
*Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge David B. Gass delivered the decision of the court, in which
Judge Anni Hill Foster and Chief Judge Randall M. Howe joined.

**G A S S**, Judge:

¶1        Gharadaghian appeals the superior court's order quashing her injunction against harassment following an evidentiary hearing. Because Gharadaghian did not provide a transcript for appellate review and raises no debatable issues, the superior court did not abuse its discretion. The court thus affirms.

## FACTUAL AND PROCEDURAL HISTORY

¶2        Gharadaghian sought an injunction against harassment against her neighbor, Olives. Gharadaghian alleged Olives:

1.  Yelled at Gharadaghian;

2.  Stalked Gharadaghian while Gharadaghian was speaking to police and firefighters;

3.  Watched Gharadaghian for another neighbor with whom Gharadaghian had a dispute;

4.  Gave Gharadaghian (and her 14 year-old daughter) the middle finger;

5.  Videotaped Gharadaghian (one of the times with Gharadaghian's daughter):

6.  Complained about Gharadaghian's daughter loudly in common areas; and

7.  Admitted she was watching Gharadaghian from her balcony.

The superior court granted the injunction without a hearing.

¶3        More than 100 days after the superior court issued the injunction, Olives requested a hearing, which the superior court held. Gharadaghian and her daughter testified on Gharadaghian's behalf. The superior court admitted 5 of Gharadaghian's exhibits: a police report, emails Gharadaghian sent the homeowners' association about Olives, materials from the homeowners' association showing Gharadaghian as a candidate for the board, a 5-year history of police calls from the community, and a flash drive. The flash drive included videos of Gharadaghian videotaping Olives.

**¶4** The superior court also heard from 2 witnesses for Olives, 1 of which was Gharadaghian's daughter. The superior court also received 2 exhibits from Olives. Both were emails Olives sent the homeowners' association about Gharadaghian.

**¶5** The superior court later issued its order, finding Gharadaghian did not meet "her burden under A.R.S. § 12-1810 and the Arizona Rules of Protective Order Procedure." The superior court thus quashed Gharadaghian's injunction against harassment against Olives.

**¶6** The court has jurisdiction over Gharadaghian's timely appeal under Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21.A.1 and -2101.A.5(b) (giving the court jurisdiction over an order "[g]ranting or dissolving an injunction or refusing to grant or dissolve an injunction or appointing a receiver").

## DISCUSSION

**¶7** The court views the facts, including all reasonable inferences, in the light most favorable to upholding the superior court's ruling, "giving due regard to the [superior] court's opportunity to judge the credibility of the witnesses." *Vanwormer v. Lopez*, 259 Ariz. 87, 89 ¶ 6 (App. 2025) (cleaned up) (reviewing superior court's continuance of an order of protection following an evidentiary hearing). The court will not reweigh the evidence on appeal. *See id.*

**¶8** Because Gharadaghian argues the evidence does not support the superior court's order, Gharadaghian was responsible for filing any transcripts she wanted the court to consider under Rule 11(c), Arizona Rules of Civil Appellate Procedure. Gharadaghian did not. She also did not ask the court to accept a video or audio recording of the proceedings under Rule 11(f), Arizona Rules of Civil Appellate Procedure. The court thus presumes the missing transcripts support the superior court's ruling. *See Myrick v. Maloney*, 235 Ariz. 491, 495 ¶ 11 (App. 2014).

**I.** **Though Gharadaghian's opening brief does not comply with the Arizona Rules of Civil Appellate Procedure, the court will consider whether Olives confessed error by not filing an answering brief.**

**¶9** The court must ensure "litigants conform to an acceptable, minimal level of competency and performance and we owe this responsibility to the judiciary, the bar and, more importantly, to all litigants and the people as a whole." *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App.

2022) (cleaned up). "An appellant who fails to make a bona fide and reasonably intelligent effort to comply with the rules will waive issues and arguments." *Id.* (cleaned up). The court holds Gharadaghian, a self-represented litigant, to the same standards as a lawyer and does not afford her special leniency. *Id.*

¶10 Gharadaghian's brief includes no "table of contents" or "table of citations." *See* Ariz. R. Civ. App. Proc. 13(a)(1)–(2). She includes several alleged references to a recording of the evidentiary hearing (including time stamps and direct quotes), but neither the recording nor the transcript of it are in the record. *See id.* at (d). She includes no citation to case law. *See id.* at (f). Gharadaghian also does not properly cite any legal authority or make any substantive argument. *See id.* at (a)(7)(A) ("Appellant's contentions concerning each issue presented for review, with supporting reasons for each contention, and with citations of legal authorities and appropriate references to the portions of the record on which the appellant relies."). As to the relevant order, Gharadaghian's opening brief does not set forth any legal grounds or identifiable arguments for reversing. At best, she says the evidence does not support the superior court's order so the superior court must have abused its discretion. For that reason, the court could consider Gharadaghian to have abandoned and waived her claim. *State v. Carver*, 160 Ariz. 167, 175 (1989) ("Failure to argue a claim usually constitutes abandonment and waiver of that claim.") (citation omitted).

¶11 Even so, the court exercises its discretion and considers Gharadaghian's appeal further to determine whether Olives confessed error by failing to file an answering brief.

## II. Though Olives did not file an answering brief, the court will not treat that omission as a confession of error.

¶12 The court could treat Olives' failure to file an answering brief as a confession of error. *See Welch v. United Mut. Benefit Ass'n*, 48 Ariz. 173, 174 (1936) (quoting *Navarro v. State*, 32 Ariz. 119, 120 (1927)); *see, e.g.*, *Skelsey v. Kuhn*, 23 Ariz. 367, 369 (1922); *Hatch v. Leighton et al.*, 24 Ariz. 300, 305 (1922). But the court grants relief on confession of error only if the appellant raises a debatable question, and "no reasonable excuse is shown for the [appellee's] failure to appear and file a brief." *Welch*, 48 Ariz. at 175; *see also Navarro*, 32 Ariz. at 120–21 (assuming appellee confesses error if appellant raises a debatable question and appellee has no reasonable excuse for not filing an answering brief); *see also Carter v. State ex rel. Eyman*, 5 Ariz. App. 415 (1967) ("[T]he failure to file an answering brief does not constitute a confession of reversible error since no debatable issue is presented.").

**¶13** The Arizona Supreme Court characterized a debatable question as one requiring "much industry and independent research to refute." *Merrill v. Wheeler*, 17 Ariz. 348, 350 (1915). It must spark "at least grave doubt" in the superior court's order. *Adkins v. Adkins*, 39 Ariz. 530, 532 (1932). And any questions asked must raise a novel legal issue. *See Childs v. Frederickson,* 21 Ariz. 248, 249 (1920).

**¶14** Gharadaghian's opening brief contains none of these characteristics. First, because Gharadaghian makes no legal arguments, Olives had nothing to research. *See* Ariz. R. Civ. App. Proc. 13(a)(7)(A). Second, Gharadaghian insists the superior court did not properly weigh the evidence, was confused, should have ruled differently on some points, should have found Olives not credible, and should have found Gharadaghian credible. Gharadaghian further argues the superior court considered events outside the listed dates in the petition, the superior court should have inferred Olives was seeking a delay to "fabricate" evidence and pressure witnesses, and the superior court erred in overruling her objections.

**¶15** But Gharadaghian provided no evidence to create a "grave doubt" in the superior court's decision. *See Adkins*, 39 Ariz. at 532. At best, she wants the court to reweigh the evidence and draw different inferences from it, which the court will not do. *See Vanwormer*, 259 Ariz. at 89 ¶ 6. And third, rather than raising any novel legal questions, Gharadaghian continues to make conclusory statements that the superior court was simply wrong.

**¶16** Conclusory statements, without more, do not create a debatable issue. *See Merrill*, 17 Ariz. at 350; *Adkins*, 39 Ariz. at 532; *Childs,* 21 Ariz. at 249. After examining both the record and Gharadaghian's opening brief, the court concludes Gharadaghian raises no debatable question and thus does not treat Olives' failure to file an answering brief as a confession of error. The court thus may affirm the superior court's decision. *See Verdex Steel & Constr. Co. v. Bd. of Supervisors, Maricopa Cnty.*, 19 Ariz. App. 547, 551 (1973) (citation omitted).

## CONCLUSION

¶17 The court affirms.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JT