NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

DISCOVER BANK, *Plaintiff/Appellee,*

*v.*

ANGELINA PLASCENCIA, *Defendant/Appellant.*

No. 1 CA-CV 25-0807

FILED 05-14-2026

Appeal from the Superior Court in Maricopa County
No. CV2025-009015
The Honorable Richard F. Albrecht, Commissioner

**AFFIRMED**

COUNSEL

Angelina Plascencia, Tolleson
*Defendant/Appellant*

_____

**MEMORANDUM DECISION**

Presiding Judge Michael S. Catlett delivered the decision of the Court, in which Judge Angela K. Paton and Judge Jennifer M. Perkins joined.

_____

**C A T L E T T**, Judge:

¶1   Angelina Plascencia ("Plascencia") appeals the superior court's denial of her motion to vacate a default judgment. Because Plascencia was properly served and did not respond, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2   On March 12, 2025, Discover Bank filed a complaint alleging Plascencia failed to repay over ten thousand dollars owed on a credit card account. On April 2, 2025, a process server attested to serving documents on a "co-resident" who gave the name "Lucy" but "didn't want to provide her last name."

¶3   Plascencia did not appear in the lawsuit. On June 17, 2025, after attesting to mailing an application for entry of default to Plascencia, Discover Bank requested a default judgment without a hearing. After finding Discover Bank properly served Plascencia, who then did not appear, the court entered default judgment for Discover Bank.

¶4   Nearly a month later, Plascencia moved to vacate the judgment. Plascencia argued she was not properly served because her job sends her "out of town very often." She stated that her stepbrother cares for her dog when she is away. She speculated that the process server may have served her stepbrother's female visitor, but that the "paperwork" was not "given to [Plascencia]." But Plascencia admitted she found the "paperwork wedged in between [her] dog's kennel weeks after it was delivered." Plascencia provided her address in the caption, header, and signature line of her motion, which matched the address Discover Bank listed in the summons and application for default.

¶5   Plascencia also explained why she struggled to pay her credit card bill. She explained she made an unsuccessful attempt to settle. She included details about various hardships including reduced hours at work, difficulty paying for rent, and a negative relationship. The court denied Plascencia's motion based on "[n]o good cause[.]"

¶6        Plascencia timely appealed; we have jurisdiction.  *See* A.R.S. § 12-2101(2).

**DISCUSSION**

¶7        Plascencia argues the court erred by denying her motion to vacate because Discover Bank did not properly serve the complaint and summons.  She also contends the court abused its discretion by not considering her hardship arguments and denied her due process.

¶8        Discover Bank did not file an answering brief.  When an appeal raises a debatable question, we "will assume that the failure to file an answering brief is a confession of reversible error on the part of the appellee."  *Tiller v. Tiller*, 98 Ariz. 156, 157 (1965).  Although our courts have yet to establish a test to determine what constitutes a "debatable question," they have found a debatable question exists when: (1) the opening brief claimed error with supporting authority, and it would "require much industry and independent research to refute" the appellant's position, *Merrill v. Wheeler*, 17 Ariz. 348, 350 (1915); (2) there is "at least grave doubt" about the superior court's order, *Adkins v. Adkins*, 39 Ariz. 530, 532 (1932); or (3) when an appeal raises novel legal questions, *Luna v. Peinado*, 2024 WL 2207309, at *3 ¶ 17 (Ariz. App. May 16, 2024) (mem. decision) (collecting cases).  Conversely, no debatable question exists "when the record 'clearly' resolves the question[.]"  *Id.*  Here, the record clearly resolves the questions presented, so Discover Bank's failure to file an answering brief is not a confession of error.

¶9        We review the superior court's denial of a motion to vacate a default judgment for an abuse of discretion.  *Blair v. Burgener*, 226 Ariz. 213, 216 ¶ 7 (App. 2010).  We defer to the superior court's factual findings unless they are clearly erroneous, but whether a party has been properly served "is a legal question of personal jurisdiction which we review de novo."  *Ruffino v. Lokosky*, 245 Ariz. 165, 168 ¶ 9 (App. 2018).

¶10        To serve an individual located in Arizona, a party must: (1) deliver a copy of the summons and the pleading to the individual personally; (2) leave a copy at the individual's dwelling with another resident of suitable age; or (3) deliver a copy to an authorized agent.  Ariz. R. Civ. P. 4.1(d).  And a party later seeking a default judgment must first "mail a copy of the application for entry of default to the last-known mailing address for the party claimed to be in default."  Ariz. R. Civ. P. 55(a)(3)(A).  "The court may set aside an entry of default for good cause[.]"

Ariz. R. Civ. P. 55(c).  Proof of service "can be impeached only by clear and convincing evidence." *Eldridge v. Jagger*, 83 Ariz. 150, 152 (1957).

¶11        Plascencia argues she was not served.  Plascencia informed the superior court that she is "often" out of town because of work, her stepbrother watches her dog, and her brother's female visitor may have been served.  But Discover Bank submitted reasonable evidence that it properly served Plascencia.  A process server attested to serving documents on a "co-resident" who gave the name "Lucy," but "didn't want to provide her last name."  The residential address at which the process server delivered the summons matched the address Plascencia listed in her motion to vacate the default judgment.

¶12        Plascencia admitted finding the documents "weeks" after they were sent.  Initial service was on April 2, but the court did not enter default judgment until July 9.  Plascencia did not specify when she found the documents. She potentially had months to respond between finding the documents and the court entering default judgment.  But even if she had less time, the date she obtained the summons is "within [her] knowledge and control . . . [and] the burden is placed on [her] to demonstrate that actual notice was not received in sufficient time to make a timely answer." *Marks v. LaBerge*, 146 Ariz. 12, 15 (App. 1985).

¶13        Along with personal service, Discover Bank attested to mailing default paperwork to Plascencia's residence, consistent with Rule 55.  *See* Ariz. R. Civ. P. 55(a)(3)(A).  This mailing requirement gives individuals like Plascencia a "second chance" to respond to a complaint, but "if that party fails to take advantage of the opportunity . . . it is only logical that the party will have a greater burden in establishing a basis for setting aside the default[.]" *Gen. Elec. Cap. Corp. v. Osterkamp*, 172 Ariz. 185, 189 (App. 1992).  Because Plascencia admitted she received the documents but failed to meet her burden to show she did so with insufficient time to answer, the superior court did not err.

¶14        Plascencia also blames the superior court for not addressing her hardship arguments.  But the only issue before the court was whether Discover Bank properly served Plascencia.  And the Rules allow a party to request default judgment without a hearing "against a defendant who has been defaulted for failure to plead[.]"  Ariz. R. Civ. P. 55(b)(1)(A).  If Plascencia wanted the court to consider hardship, she needed to answer Discover Bank's complaint and raise affirmative defenses.

**¶15**      Finally, Plascencia maintains the court violated her due process rights by entering default judgment. "Due process entitles a party to notice and an opportunity to be heard at a meaningful time and in a meaningful manner." *See Cook v. Losnegard*, 228 Ariz. 202, 206 ¶ 18 (App. 2011) (citation omitted). Because Plascencia received the complaint, she had proper notice. And when she then failed to respond timely, she waived any opportunity to be heard on the merits. Due process does not prohibit a court from entering default judgment after finding a party was properly served yet failed to respond.

## CONCLUSION

**¶16**      We affirm the judgment.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR