[Civil No. 1471.    Filed November 17, 1915.]

[152 Pac. 859.]

M. H. MERRILL, Appellant, v. HARRY C. WHEELER, Sheriff of Cochise County, Appellee.

1. APPEAL AND ERROR—DECISIONS APPEALABLE—ORDER GRANTING NEW TRIAL.—Under the express provisions of Civil Code of 1913, paragraph 1227, subdivision 2, an appeal may be taken from an order granting a motion for a new trial.

2. APPEAL AND ERROR — BRIEFS — REVERSAL FOR FAILURE TO FILE. —
Where, on appeal from an order granting a new trial, appellant filed
a very comprehensive brief, giving many reasons why the order was
erroneous and citing many authorities in support thereof, requiring
much industry and independent research to refute his position, if it
could be refuted at all, but the appellee, aside from objecting to
the court's jurisdiction, neither filed a brief nor made any argument
on the merits, he confessed the errors assigned by appellant, and
the order would be reversed under Civil Code of 1913, paragraph
1266, providing that, if the appellee fail to serve and file a brief,
the court may proceed to determine the case upon the merits or
reverse the judgment or order appealed from without such determi-
nation.

APPEAL from an order of the Superior Court of the County of Cochise, granting a new trial. A. C. Lockwood, Judge. Reversed and remanded, with directions.

Mr. John C. Gung'l, for Appellant.

Mr. Lyman H. Hays, for Appellee.

FRANKLIN, J.—An action on a money demand was brought in the superior court of Cochise county by the Gleeson's Cash Store, a corporation, against M. H. Merrill, the appellant herein. By virtue of a writ of attachment in said action, the sheriff of Cochise county levied upon and obtained the custody of certain personal property of the said Merrill, to wit, a stallion. While the animal was in the custody of the sheriff under the writ of attachment, it got sick and died. The present action by M. H. Merrill, as plaintiff, against Harry C. Wheeler, sheriff of Cochise county, Arizona, defendant, is grounded on the alleged negligence of the sheriff in keeping said stallion while in his custody under the said writ of attachment, and by reason of which said negligence the animal was lost to the said Merrill, to his damage in the sum of $1,250. The cause was tried to a jury, which rendered a verdict in favor of the plaintiff in the sum of $625, upon which verdict the judgment of the court was entered against the sheriff, Harry C. Wheeler, the appellee herein. The appellee moved for a new trial in said action, which was granted by the court.

The appeal here is from the order granting the motion for a new trial. The appellee appears in this court and asks that said appeal be dismissed for want of jurisdiction, the ground of said objection being that an order granting a motion for a new trial is not an appealable order. To sustain this contention, the appellee invokes the decisions of this court on the provisions of the Revised Statutes of Arizona of 1887 and 1901, respectively, regulating the right of appeal. Under those statutes it has been held that the right of appeal is limited to the final judgment, but such decisions have no application here. By the provisions of paragraph 1227 of the Civil Code of 1913, subdivision 2, there is given a direct appeal from an order granting a motion for a new trial, and this direct appeal is given independent of any appeal from a final judgment entered in the action. There being no merit in the objection this court heretofore, on July 7, 1915, entered an order denying the motion to dismiss the appeal.

The appellant has filed a very comprehensive brief herein, giving many reasons why the order of the court in granting a new trial is erroneous, citing many authorities in support thereof. This brief would require much industry and independent research to refute the position taken by the appellant, if it can be refuted at all. The appellee has limited his appearance to an objection to the jurisdiction of the court to entertain the appeal, and has not filed a brief nor made any argument on the merits of the case. Thus we are entirely without any assistance from the appellee in the matter so far as the merits of the case are concerned. We must therefore conclude that his attitude is a confession of the error assigned by the appellant.

We think it proper under paragraph 1266 of the Civil Code of 1913 to reverse the order of the superior court granting a new trial. The order of the superior court granting a new trial is reversed and the case is remanded, with directions to vacate the order granting the new trial, and deny the motion for a new trial, taking such further proceedings as the law may direct.

ROSS, C. J., and CUNNINGHAM, J., concur.