NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

SHAGHAYEGH MAJIDI, *Petitioner/Appellee*,

*v.*

GARY JAMES MILKWICK, *Respondent/Appellant*.

No. 1 CA-CV 24-0187 FC
FILED 12-19-2024

Appeal from the Superior Court in Maricopa County
No. FN2023-091770
The Honorable Richard J. Hinz, Commissioner

**AFFIRMED IN PART; VACATED IN PART**

COUNSEL

Guymon Law, Chandler
By Joanna Amaris Medrano
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge Brian Y. Furuya and Judge David D. Weinzweig joined.

---

**M O R S E**, Judge:

¶1         Gary James Milkwick appeals the superior court's continuance of an order of protection issued in favor of his wife, Shaghayegh Majidi ("Wife"), and the issuance of a Notice of Brady Indicator ("Brady Indicator").  For the following reasons, we affirm the continued protection order but vacate the Arizona Firearms Law restrictions therein, and vacate the Brady Indicator in its entirety.

### FACTS AND PROCEDURAL BACKGROUD

¶2         On April 7, 2023, at their marital home in Gilbert, Milkwick and Wife discussed a divorce.  The discussion lasted approximately one hour and fifteen minutes.  Wife recorded the conversation because she had a "really bad gut feeling."  Wife alleges Milkwick tried to sexually assault her 53 minutes into the discussion.

¶3         In June 2023, Wife petitioned for an order of protection.  She cited the April 7 incident and requested the superior court bar Milkwick from possessing firearms while the order was in effect.  The court granted the petition but not A.R.S. § 13-3602(G)(4) ("Arizona Firearms Law") restrictions.

¶4         In September 2023, Wife amended the initial petition ("amended petition"), added a second allegation of domestic violence, and requested exclusive possession of the marital residence.  She alleged that Milkwick and his son "own/carry guns and knives," but did not request a firearms restriction.  The superior court issued an amended protection order, found that Milkwick posed a credible threat to Wife's physical safety, and imposed Arizona Firearms Law restrictions.

¶5         Milkwick requested a contested hearing; he denied Wife's allegations and opposed her request to possess the marital home.  At the January 30, 2024 hearing, both parties admitted exhibits, including text messages, photographs, police reports, and a recording of the April 7 incident.  Wife presented two short clips from this recording which

captured her saying, "Stop, stop, stop," and "What, why are you trying to [] rape me?" to which Milkwick responded, "I thought you'd actually like it, [or] like me." Milkwick objected; he argued that these clips lacked context and did not fairly represent the entire conversation, but the court allowed Wife to play them.

¶6        Later in the hearing, Milkwick offered to play the entire recording to provide full context. The superior court instructed him to focus on specific portions, noting that it was unnecessary to hear the entire hour-plus recording. Milkwick then played portions of the recording.

¶7        Milkwick introduced additional evidence to support his position, which included a police report where Wife told police she had discussed a rape fantasy with Milkwick shortly before the April 7 incident. Milkwick testified that, based on prior conversations with Wife, her behavior following the incident—including her continuing the April 7 conversation, text messages, and other interactions—demonstrated the incident did not distress her. Milkwick asked about these text messages and interactions during Wife's cross-examination. He argued her true motive for seeking the order was to obtain sole possession of the marital home.

¶8        The superior court, after it considered the evidence, declined to review the entire recording. It found the April 7 incident substantiated domestic violence and issued an amended protection order with Arizona Firearms Law restrictions as well as a Brady Indicator (the "January Orders").

¶9        Milkwick timely appealed the January Orders. This Court has jurisdiction under A.R.S. § 12-2101(A)(1), (5)(b), and Arizona Rule of Protective Order Procedure 42(b)(2).

## DISCUSSION

¶10        Milkwick argues the superior court erred by: (1) finding sufficient evidence that domestic violence occurred; and (2) issuing the Arizona Firearms Law restrictions and Brady Indicator without a request by Wife and inquiry regarding firearms at the hearing.

¶11        We review "a superior court's decision to continue an order of protection after a contested hearing" for an abuse of discretion. *Flynn v. Flynn*, 256 Ariz. 544, 546, ¶ 7 (App. 2024). We "affirm where any reasonable view of the facts and law might support the judgment," *City of Phoenix v.*

*Geyler*, 144 Ariz. 323, 330 (1985), and "review any legal questions de novo," *Michaelson v. Garr*, 234 Ariz. 542, 544, ¶ 5 (App. 2014).

¶12 Wife did not file an answering brief in this appeal. If an appellant raises debatable issues unrelated to a child's best interests, we treat the appellee's lack of a response as a confession of reversible error. *Hoffman v. Hoffman,* 4 Ariz. App. 83, 85 (1966); *see also Matter of Mayberry v. Stambaugh*, 1 CA-CV 23-0289 FC, 2024 WL 1282653, at *1–5, ¶¶ 5–20 (Ariz. App. Mar. 26, 2024) (Morse, J., concurring) (mem. decision) (discussing cases on non-response confession of error). While our courts have not established a definitive test for debatable issues, they have found them to exist when: (1) it "would require much industry and independent research to refute [appellant's] position," *Merrill v. Wheeler*, 17 Ariz. 348, 350 (1915); (2) "there is at least grave doubt" about the superior court's order, *see Adkins v. Adkins*, 39 Ariz. 530, 531–32 (1932); or (3) an appeal raises novel legal questions, *see Childs v. Frederickson*, 21 Ariz. 248, 249 (1920). Conversely, "an issue is not debatable when the record 'clearly' resolves the question raised." *Luna v. Peinado*, 1 CA-CV 23-0634 FC, 2024 WL 2207309, at *2, ¶ 9 (Ariz. App. May 16, 2024) (mem. decision) (citing *Air E., Inc. v. Wheatley*, 14 Ariz. App. 290, 294 (1971); *Honsey v. Honsey*, 126 Ariz. 336, 337 (App. 1980)).

¶13 We address the merits of Milkwick's arguments, applying confession of reversible error on debatable issues presented, and affirming the superior court's judgment on the remainder.

## I. Sufficiency of the Evidence and Alleged Ulterior Motive.

¶14 Milkwick argues that Wife presented insufficient evidence to support a finding of domestic violence in light of his refuting evidence and Wife's purported ulterior motive.

¶15 In a contested hearing, the superior court must ensure the parties have an opportunity to be heard, present evidence, and cross-examine witnesses. Ariz. R. Prot. Order P. 38(g). We will defer to the superior court's factual findings if they are "reasonably supported by the evidence." *State v. Adair*, 241 Ariz. 58, 60, ¶ 9 (2016).

¶16 "An order of protection shall be continued by the court if the plaintiff demonstrates by a preponderance of the evidence that 'there is reasonable cause to believe . . . [that] [t]he defendant may commit an act of domestic violence.'" *Michaelson*, 234 Ariz. at 544, ¶ 6 (citing A.R.S. § 13-3602(E)(1); Ariz. R. Prot. Order P. 8(F) [now Ariz. R. Prot. Order P. 38(g)]). "In the context of a past or current romantic relationship, the term 'domestic violence' is broadly defined in [A.R.S.] § 13-3601(A) and includes a wide

array of criminal acts . . . ." *Id.* The superior court makes findings of domestic violence based on statutory definitions, not on the subjective views of experts or involved parties. *Engstrom v. McCarthy*, 243 Ariz. 469, 473–74, ¶¶ 13, 16 (App. 2018). "We defer to the judge with respect to any factual findings explicitly or implicitly made, affirming them so long as they are supported by reasonable evidence." *Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, 254, ¶ 10 (2003).

**¶17** "A trial court has broad discretion in admitting or excluding evidence, and we will not disturb its decision absent a clear abuse of its discretion and resulting prejudice." *Lashonda M. v. Arizona Dep't of Econ. Sec.*, 210 Ariz. 77, 82–83, ¶ 19 (App. 2005). And Arizona Rule of Evidence 106 permits the superior court to limit presentation of lengthy recordings. *See State v. Wooten*, 193 Ariz. 357, 368, ¶ 59 (App. 1998) (finding no violation of Arizona Rule of Evidence 106 when the opposing party had adequate notice and opportunity to contextualize the excerpts played).

**¶18** Here, the record reflects that ample evidence supported the superior court's domestic-violence finding. *See supra* ¶¶ 5–7. While Milkwick argues that the April 7 incident was consensual and does not meet the statutory requirements for sexual assault, the superior court is tasked with weighing the credibility of witnesses and acted within its discretion in finding the incident constituted domestic violence under A.R.S. § 13-3601(A). And we defer to the superior court's factual findings. *See Michaelson*, 234 Ariz. at 545, ¶ 9 (deferring to the superior court's factual finding in assessing whether domestic violence occurred).

**¶19** The record also reflects the superior court considered the ulterior-motive argument. At the hearing, after granting Wife exclusive use of the marital home, the court addressed Wife, stating "this does not award you the house. The divorce will determine who gets which assets."

**¶20** Likewise, the record supports the superior court's exercise of discretion in declining to listen to the entire recording. *See Wooten*, 193 Ariz. at 368, ¶ 59 (upholding superior court's discretion in its decision to play excerpts of tapes without requiring the entire recordings to be played). The superior court allowed Milkwick to play additional parts of the recording to provide context. And the text messages Milkwick argues the superior court failed to consider were incorporated during Wife's cross-examination and Milkwick's own testimony. *See supra* ¶ 7. Because of the deferential standard of review, and the strong record support for the superior court's ruling, Milkwick has not raised a debatable issue. *Luna*, 2024 WL 2207309, at *2, ¶ 9 ("[A]n issue is not debatable when the record 'clearly' resolves the

question raised").  We find no abuse of discretion and affirm the superior court.  *See Flynn*, 256 Ariz. at 560, ¶¶ 19–20 (affirming a continued order of protection upon finding no reversible error).

## II.     Arizona Firearms Law Restriction and Brady Indicator.

**¶21**          Milkwick challenges the Arizona Firearms Law restrictions and Brady Indicator, arguing Wife did not request them in the amended petition and that the superior court imposed them without making firearms-related inquiries at the contested hearing.

**¶22**          Under Arizona Rule of Protective Order Procedure 23(i) ("Rule 23(i)"), the superior court "must ask the plaintiff about the defendant's use of or access to firearms to determine whether the defendant poses a credible threat to the physical safety of the plaintiff or other protected persons."  An Arizona Firearms Law restriction always requires a finding that the defendant is a credible threat to the physical safety of the plaintiff.  *Flynn*, 256 Ariz. at 549, ¶ 13.  A "higher standard of review applies when a court's order implicates a defendant's right to possess firearms." *Savord v. Morton*, 235 Ariz. 256, 260, ¶¶ 20, 22 (App. 2014) (emphasizing that a "restriction against firearms does not automatically follow an order of protection").

**¶23**          Here, the superior court issued Arizona Firearms Law restrictions and a Brady Indicator even though Wife's amended petition did not request firearms restrictions, and the court did not inquire about firearms during the hearing.  Neither party presented testimony regarding firearms.  We therefore find that debatable issues exist as to whether Wife requested firearms restrictions and whether the court conducted a sufficient Rule 23(i) inquiry.  *See Mahar v. Acuna*, 230 Ariz. 530, 534–35, ¶¶ 15–17 (App. 2012) (holding that the superior court erred by issuing a Brady Indicator because it failed to make necessary findings under both the Arizona Firearms Law and 18 U.S.C. § 922 underlying the Brady Indicator).  We treat Wife's failure to address these issues as an implied confession of reversible error.  *See Matter of Mayberry*, 2024 WL 1282653, at *1, ¶¶ 3–4 (enforcing an implied confession of error based on appellee's failure to file an answering brief when debatable issues existed).

## CONCLUSION

**¶24**        For the foregoing reasons, we affirm the continued protection order but vacate the Arizona Firearms Law restrictions therein, and vacate the Brady Indicator in its entirety.

