NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

JERA BANKS, *Petitioner/Appellee,*

*v.*

ADAM CHADFIELD BAILEY, *Respondent/Appellant.*

No. 1 CA-CV 25-0451 FC
FILED 01-27-2026

Appeal from the Superior Court in Maricopa County
No. FN2024-004269
The Honorable Richard J. Hinz, Judge

**AFFIRMED IN PART, VACATED IN PART**

COUNSEL

S. Gregory Jones Law, PLLC, Phoenix
By S. Gregory Jones
*Counsel for Petitioner/Appellee*

Christian Dichter & Sluga, PC, Phoenix
By Stephen M. Dichter, Nathan Andrews
*Counsel for Respondent/Appellant*

---

## MEMORANDUM DECISION

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Michael S. Catlett and Judge Jennifer M. Perkins joined.

---

**P A T O N**, Judge:

¶1	Adam Chadfield Bailey appeals the superior court's order affirming an order of protection and issuing a Notice of Brady Indicator ("Brady notice") restricting Bailey's firearm rights. For the following reasons, we affirm the order of protection but vacate the Brady notice.

### FACTS AND PROCEDURAL HISTORY

¶2	Bailey and his ex-fiancée, Jera Banks, ran a real estate business together during their relationship. As part of their marketing efforts, they jointly purchased a one-half ownership interest in a community Facebook group called "Living Chandler." The owner of the other one-half interest in the group was not involved in its administration or management.

¶3	Living Chandler provided a platform for members to communicate about community events, issues, concerns, etc. Banks and Bailey were joint administrators of the group and enforced community guidelines by removing content or members who violated the guidelines.

¶4	After their romantic relationship ended in 2022, Banks and Bailey retained their joint ownership interest in Living Chandler and remained as joint administrators. They later became embroiled in an ongoing dispute over its administration. At some point, Banks removed Bailey as joint administrator, and Bailey sued to be reinstated. The superior court ordered Banks to reinstate Bailey and appointed a special master to resolve disputes going forward.

¶5	In September 2024, Banks petitioned for an order of protection, alleging that Bailey used the Living Chandler administration log to harass, threaten, and intimidate her. The superior court entered an ex parte order of protection that prohibited Bailey from contacting Banks. It also found Bailey "pose[d] a credible threat to [Banks's] physical safety" and issued a Brady notice under 18 U.S.C. § 922(g)(8), prohibiting him from possessing a firearm. Bailey requested a hearing, which the court held in May 2025.

¶6        At the hearing, Banks introduced an exhibit containing screenshots of Bailey's messages to her on the administration log.  The exhibit showed numerous angry messages, including "You got it coming, b," "[k]armas [sic] a bitch," "[a]ct like a bih get treated like one," "I warned you- [sic] you want hell… [sic] I'll bring it!"  Banks testified that "b" and "bih" meant "bitch."   Bailey also threatened to take her dog on several occasions in his log messages.  Banks testified that Bailey's comments made her feel "intimidated," "bullied," and "harassed."  She further testified that he used the administration log to harass her because she had blocked him from contacting her by phone, text, or social media.

¶7        Bailey testified that all of their communication was business-related, and his comments were appropriate in response to her actions.  He claimed he had no intent to intimidate or harass her but also testified that he threatened to take the dog because she was "derailing [his] business."  He further testified that Banks knew he owned no guns, so firearm restrictions were not justified.

¶8        The superior court found that his statements did not constitute "threats" under Arizona Revised Statutes ("A.R.S.") Section 13-1202 but constituted harassment under Section 13-2921.  It found there were comments "intended to disturb and harass [Banks]" which were "clearly designed to be personal," and did in fact disturb and alarm Banks.  It therefore affirmed the order of protection.

¶9        The court then found some of Bailey's comments "impl[ied] possible physical threats" or were "ambiguous enough to cause [Banks] to be concerned," so Bailey presented "a credible threat to the physical safety of [Banks]."  The court thus affirmed the Brady notice.

¶10        Bailey timely appealed.  We have jurisdiction under Section 12-2101(A)(1), (5)(b), and Arizona Rule of Protective Order Procedure 42(a)(2).

**DISCUSSION**

¶11        Bailey argues the superior court erred in upholding the order of protection because no credible evidence supported the superior court's findings that Bailey committed harassment and posed a credible threat to Banks.

¶12        We note at the outset that Banks did not file an answering brief.  When an appeal raises debatable issues unrelated to a child's best interests, we "will assume that the failure to file an answering brief is a

confession of reversible error on the part of the appellee." *Tiller v. Tiller*, 98 Ariz. 156, 157 (1965); *see also In re Mayberry v. Stambaugh*, 1 CA-CV 23-0289 FC, 2024 WL 1282653, at *1-5, ¶¶ 5-20 (Ariz. App. Mar. 26, 2024) (Morse, J., concurring) (mem. decision).

**¶13** Although our courts have yet to establish a test to determine what constitutes a "debatable issue," they have found debatable issues exist when: (1) the opening brief claimed error with supporting authority, and it would "require much industry and independent research to refute" the appellant's position, *Merrill v. Wheeler*, 17 Ariz. 348, 350 (1915); (2) there is "at least grave doubt" about the superior court's order, *Adkins v. Adkins*, 39 Ariz. 530, 532 (1932); or (3) when an appeal raises novel legal questions, *Luna v. Peinado*, 1 CA-CV 23-0634 FC, 2024 WL 2207309, at *3, ¶ 17 (Ariz. App. May 16, 2024) (mem. decision) (collecting cases). Conversely, no debatable issue exists "when the record 'clearly' resolves the question." *Luna*, 2024 WL 2207309, at *3, ¶ 17.

## I. The superior court did not abuse its discretion in affirming the order of protection.

**¶14** Bailey argues the superior court's finding that he committed harassment is not supported by sufficient evidence. He claims the superior court based its finding on three statements, one of which was protected speech, and none of which could be viewed as harassing by a reasonable person.

**¶15** We review an order of protection for an abuse of discretion. *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 10 (App. 2014). We defer to the superior court's factual findings and credibility determinations unless clearly erroneous. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 347, ¶ 13 (App. 1998); *First Fin. Bank, N.A. v. Claassen*, 238 Ariz. 160, 162, ¶ 8 (App. 2015).

**¶16** Harassment under Section 13-2921 constitutes domestic violence when the victim and the defendant have "resided in the same household" or were "previously [in] a romantic or sexual relationship." A.R.S. § 13-3601(A)(1), (6); *see also* A.R.S. § 13-3602(A) ("A person may file a verified petition . . . for an order of protection for the purpose of restraining a person from committing an act included in domestic violence."). As relevant here, a person commits harassment if he or she knowingly "[c]ontacts or causes a communication with another person by verbal, electronic, mechanical, telegraphic, telephonic or written means" in a manner that harasses. A.R.S. § 13-2921(A)(1). In this context, "harass" means "conduct that is directed at a specific person and that would cause a

reasonable person to be seriously alarmed, annoyed, humiliated or mentally distressed and the conduct in fact seriously alarms, annoys, humiliates or mentally distresses the person." A.R.S. § 13-2921(E); *see* Ariz. R. Protective Order P. 3(e).

**¶17** Bailey's assertion that the superior court's finding of harassment is based solely on three statements is incorrect. The superior court merely listed these three statements to provide examples of comments that were "clearly designed to be personal." Even excluding the one statement the court found to be protected speech, the record shows numerous other harassing comments. As the court noted, Banks's exhibits show "multiple pages" of similar comments, spanning several months.

**¶18** Regardless, even a single occurrence of any act enumerated in Section 13-2921(A)(1)-(5) may constitute harassment if "commit[ted] . . . in a manner that harasses." A.R.S. § 13-2921(A); *see*, *e.g.*, *In re Caudill v. Nelson*, 1 CA-CV 24-0258 FC, 2025 WL 602938, at *2, ¶¶ 11-14 (Ariz. App. Feb. 25, 2025) (mem. decision) (affirming order of protection based on "single act of harassment"); *Herman v. Herman*, 2 CA-CV 2025-0090, 2025 WL 2751688, at *2, ¶ 10 (Ariz. App. Sept. 26, 2025) (mem. decision) (same); *Nicaise v. Sundaram*, 1 CA-CV 17-0518, 2018 WL 4688923, at *3, ¶ 13 (Ariz. App. Sept. 27, 2018) (mem. decision) (same).

**¶19** The superior court found a reasonable person would be harassed by Bailey's comments. Sufficient evidence clearly supports this factual finding, so Bailey has not raised a debatable issue. *See Luna*, 2024 WL 2207309, at *3, ¶ 17 ("[A]n issue is not debatable when the record 'clearly' resolves the question raised."). The superior court did not abuse its discretion, so we affirm the order of protection.

## II. The superior court erred in issuing the Brady notice.

**¶20** Bailey next argues the Brady notice is not supported by sufficient evidence because the court's finding that Bailey posed a "credible threat" to Banks's safety was made without conducting any analysis and conflicted with its finding that Bailey's statements were not threatening.

**¶21** We review de novo the application of Arizona and federal law to the facts to determine whether firearm restrictions are appropriate. *See Mahar v. Acuna*, 230 Ariz. 530, 534, ¶¶ 13-14 (App. 2012); *Savord*, 235 Ariz. at 260, ¶ 20.

**¶22** An order of protection may include a Brady notice, which indicates that federal law prohibits the person subject to the protective

order from purchasing or possessing a firearm because the protective order: (1) "includes a finding that [the] person represents a credible threat to the physical safety of [an] intimate partner or child," or (2) "explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury." 18 U.S.C. § 922(g)(8)(C)(i), (ii).

¶23 Arizona law permits the court to prohibit the possession of firearms "[i]f the court finds that the defendant is a credible threat to the physical safety of the plaintiff or other specifically designated persons." A.R.S. § 13-3602(G)(4). Rule 23(i)(1) of the Arizona Rules of Protective Order Procedure requires the superior court to "ask the plaintiff about the defendant's use of or access to firearms to determine whether the defendant poses a credible threat to the physical safety of the plaintiff or other protected persons."

¶24 State rules of procedure apply in state courts even when federal substantive claims are implicated unless the state rules affect substantive federal rights. *Shotwell v. Donahoe*, 207 Ariz. 287, 290, ¶ 6 (2004). But we have not consistently held the superior court's failure to comply with Rule 23(i)(1) was reversible error. *Compare Savord*, 235 Ariz. at 260, ¶¶ 22-23 (vacating Brady notice when superior court failed to make credible threat finding according to Rule 23(i)(1)), *with In re Marriage of Pineda v. Campos*, 1 CA-CV 24-0912 FC, 2025 WL 2254070, at *3, ¶ 18 (Ariz. App. Aug. 7, 2025) (mem. decision) (holding that superior court's failure to inquire about firearms was error, but not reversible error, because it still made a credible threat finding, which was supported by wife's allegation that husband owned firearms and evidence of his threatening behavior).

¶25 Similarly, we have been inconsistent in requiring strict compliance with the Rule 23(i)(1) procedure when the order otherwise meets substantive federal requirements for a firearms restriction. *See Flynn v. Flynn*, 257 Ariz. 1, 7, ¶ 19 (App. 2024) (affirming Brady notice when order of protection qualified for firearm restriction under 18 U.S.C. § 922(g)(8)(C)(ii), so credible threat finding was unnecessary); *but see Nicaise*, 2018 WL 4688923, at *5, ¶¶ 21-22 (vacating Brady notice based on lack of credible threat finding although Brady notice was warranted under 18 U.S.C. § 922(g)(8)(C)(ii)).

¶26 Here, Banks merely alleged in her petition that Bailey owned or carried firearms or other weapons; she did not testify to that effect at trial. The superior court failed to ask Banks about Bailey's "use of or access to firearms to determine whether [he] pose[d] a credible threat to [her]

physical safety," as required by Rule 23(i)(1), and there was no testimony on that point. Bailey testified that he has never owned a gun and that Banks knew he did not own a gun. Given our conflicting case law regarding whether failure to comply with Rule 23(i)(1) is reversible error, we find it a debatable issue and deem Banks's failure to file an answering brief a confession of reversible error. *See Robledo v. Robledo*, 1 CA-CV 24-0717 FC, 2025 WL 1235252, at *3, ¶20 (Ariz. App. Apr. 29, 2025) (mem. decision) (finding superior court's failure to conduct Rule 23(i)(1) inquiry was a debatable issue). We therefore vacate the Brady notice.

## CONCLUSION

¶27        We affirm the order of protection but vacate the Brady notice.

