NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CHRISTOPHER WOOD, *Petitioner/Appellee,*

*v.*

JODY DRAPKIN, *Respondent/Appellant.*

No. 1 CA-CV 24-0883 FC

FILED 05-11-2026

Appeal from the Superior Court in Maricopa County
No. FC2022-090833
The Honorable Keith A. Miller, Judge

**AFFIRMED**

COUNSEL

Christopher Wood, Phoenix
*Petitioner/Appellee Pro Se*

Jody Drapkin, Whistler, British Columbia, Canada
*Respondent/Appellant Pro Se*

---

**MEMORANDUM DECISION**

---

Judge Anni Hill Foster delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Veronika Fabian joined.

---

**F O S T E R**, Judge:

¶1 Respondent Jody Drapkin ("Wife") appeals the superior court's final decree of dissolution for her marriage to Christopher Wood ("Husband"). Wife argues the court improperly sanctioned her, denied her accommodation requests, failed to consider all evidence, awarded Husband their community property and that she suffered from misconduct by her counsel, opposing counsel and the judge. Wife asserts each of these issues constitute an abuse of discretion. This Court affirms.

## FACTS[1] AND PROCEDURAL HISTORY

¶2 Married in 2003, Husband and Wife lived with their daughter[2] in Arizona during the marriage. Husband worked for Sunny Energy, LLC ("Sunny Energy") as Director of Business Development. Wife did not work much during the marriage. The couple held a 25% ownership interest in Sunny Energy. In February 2022, Husband petitioned the superior court of Maricopa County for a dissolution of marriage. In May, Wife moved to British Columbia and has been living there since.

¶3 Throughout the dissolution proceedings, Wife repeatedly sent harassing messages to Husband, opposing counsel, unrelated third parties, the court and court staff. Wife's emails discussed Husband's obligation to disclose his hidden financial accounts, her requested Americans with Disabilities Act ("ADA") accommodations, permanent spousal maintenance, division of community property and alleged attorney and judicial misconduct.

---

[1] This Court views the facts in the light most favorable to upholding the superior court's ruling. *See Lehn v. Al-Thanayyan*, 246 Ariz. 277, 283, ¶ 14 (App. 2019).

[2] Daughter was a minor during these proceedings but has since reached the age of majority.

**¶4**        The emails coupled with Wife's behavior during litigation led the court to issue several admonishments and sanctions. The court initially admonished Wife to stop harassing Husband, numerous third parties and the court. The court ordered both parties not to send *ex parte* email communications to court staff and warned that violation of its order would result in a fine of $150.00 per violation. Several months later, after Wife's attorney withdrew, the court issued a second order directly to Wife ordering her to immediately stop *ex parte* communications with court staff or it would impose the fine. Despite these warnings, and only a few days after the order, Wife sent twenty separate emails and numerous phone calls to court staff. As a result, the court fined Wife for the violations. The court also ordered the parties, again, not to harass one another or associated third parties. The court notified the parties that violations of this new order would result in additional sanctions of $1,000.00 per violation. When the court issued the Decree of Dissolution, it imposed the additional sanctions on wife, amounting to $120,000.00, due to her unabated harassing behavior that caused Husband to incur additional attorneys' fees.

**¶5**        Wife appeals the court's final Decree of Dissolution and this Court has jurisdiction. A.R.S. § 12-120.21(A)(1).

## DISCUSSION

**¶6**        Wife raises several issues on appeal. First, she argues the superior court abused its discretion by imposing sanctions against her. Second, she argues the court abused its discretion in denying her requested ADA accommodations. Third, she argues the court abused its discretion by accepting and relying on an inaccurate record when determining property division and spousal maintenance. Fourth, she argues the court materially misstated the evidence in its decree of dissolution, leading to "a grossly disproportionate award." And lastly, she argues she was denied procedural protections due to attorney misconduct and judicial bias.

## I.        Wife failed to comply with the Arizona Rules of Civil Appellate Procedure.

**¶7**        As a preliminary matter, because Husband failed to file an answering brief, this Court assumes he confesses reversible error to any debatable issues raised by Wife. *See Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014). While the term "debatable issue" has not been explicitly defined, debatable issues exist when: (1) a significant amount of effort and independent research would be required to refute appellant's assertion, *Merrill v. Wheeler*, 17 Ariz. 348, 350 (1915); (2) appellant has raised "at least

a grave doubt" about the superior court's order, *Adkins v. Adkins*, 39 Ariz. 530, 532 (1932); or (3) the appeal raises novel legal questions, *see Childs v. Frederickson*, 21 Ariz. 248, 249 (1920). Conversely, when the record clearly supports the court's ruling, a debatable issue does not exist. *See, e.g., Air E., Inc. v. Wheatley*, 14 Ariz. App. 290, 294 (1971). Based on the record, the issues raised by Wife do not present debatable issues because (1) the record clearly supports the court's ruling; (2) this Court does not discern error; and (3) Wife's appeal does not raise novel issues. This Court may resolve Wife's appeal without Husband's response.

**¶8**         Separately, Wife's brief fails to comply with Arizona Rule of Civil Appellate Procedure ("Appellate Rule") 13 because it does not provide a table of citations or any citation to the record. *See* ARCAP 13(a)(2), (7)(A) (opening brief must contain a table of citations and "appropriate references to the portions of the record on which appellant relies"). If an appellant's opening brief presents issues not supported by adequate explanation or citations to the record or authority, those issues may be considered abandoned and therefore waived. *MacMillan v. Schwartz*, 226 Ariz. 584, 591, ¶ 33 (App. 2011); *see also Stein v. Stein*, 238 Ariz. 548, 549, ¶ 5 n.2 (App. 2015). Self-represented litigants "are held to the same standards as attorneys." *In re Marriage of Williams*, 219 Ariz. 546, 549, ¶ 13 (App. 2008). But this Court may, in its discretion, consider Wife's arguments, although imperfectly presented. *See Clemons v. Clark*, 101 Ariz. 413, 414 (1966). It does so below.

## II.    The court did not abuse its discretion in imposing sanctions.

**¶9**         Wife argues the court abused its discretion when it imposed sanctions. This Court reviews the imposition of sanctions for an abuse of discretion. *Hays v. Gama*, 205 Ariz. 99, 102, ¶ 17 (2003). A court abuses its discretion if "the record is devoid of competent evidence to support the court's decision." *Woyton v. Ward*, 247 Ariz. 529, 531, ¶ 5 (App. 2019) (cleaned up).

**¶10**         Wife concedes that trial courts have the authority to impose sanctions. *See* Ariz. R. Fam. Law P. 76.2. To impose sanctions, the court must have adequate legal grounds. *See* Ariz. R. Fam. Law P. 76.2(a). Such grounds include failing: "to obey a scheduling or pre-trial order"; "to appear at . . . a trial, or other scheduled hearing" or; "to participate in good faith in a [] hearing, trial, . . . or pre-trial statement. Ariz. R. Fam. Law P. 76.2(a)(1)–(2), (4). Although the Arizona Rule of Family Law Procedure ("Family Rule") 76.2(b) suggests appropriate sanctions including striking pleadings, staying proceedings or dismissing an action, *See* Ariz. R. Fam.

Law P. 76.2(b)(3)–(5), a court retains discretion to determine which sanctions to impose. A court may also treat violations as contempt or order a party to pay the opposing party's fees or reasonable expenses. Ariz. R. Fam. Law P. 76.2(c).

¶11        Here, Wife's conduct provided the court with adequate legal grounds to impose sanctions. As early as May 2023, the court ordered Wife not to contact third parties related to Husband's business. In its finding, the court considered Husband's pleading which discussed that, on a daily basis, she sent several "vile and inappropriate emails and text messages" to Husband, daughter, opposing counsel, Husband's business partners, paternal grandmother, friends of Husband and others. Later that year, Husband's counsel reported that Wife continued to send "multiple . . . long, bullying, and rude emails per day to the [c]ourt, Husband, undersigned counsel, and other third parties, including the state bar." In response, the court ordered all *ex parte* email communications sent to court staff cease or it would impose a sanction of $150.00 per violation. Wife continued to email and call court staff, demanding ADA accommodations.

¶12        The court, on its own motion, set in-person oral argument to address Wife's ADA accommodation requests. But Wife failed to appear in person as ordered, instead appearing telephonically without permission from the court. The court admonished Wife that failure to follow "the Court's orders will be considered severely." But that admonishment did not stop Wife from calling and emailing the court with more requests.

¶13        Wife's requests consisted of dozens of calls and emails to the court. Wife's conduct led the presiding family department judge to enter a minute entry on March 21, 2024, making a formal record of Wife's conduct and ordering the judge presiding over the case to take no action on Wife's calls or emails. On March 25, the court ordered Wife, again, "to immediately cease *ex parte* communications with this [c]ourt's staff or a fine would be assessed." But between March 29, and April 4, Wife sent twenty separate emails and called numerous times.

¶14        Separate from her ADA accommodation requests, Wife consistently called and emailed opposing counsel about discovery issues. Husband's counsel consistently pointed out that Wife's discovery demands were for documents easily accessible to her or already disclosed to her or her counsel. But Husband was deficient in fulfilling his discovery obligations, and therefore, upon stipulation, the court appointed a special master to settle discovery disputes between the parties.

¶15 Wife sent the special master so many emails that he made note at least fifteen times of Wife's harassing emails and her failure to comply with his instructions on how to submit discovery issues. The special master's notes report dozens of "bizarre and rambling emails" sent to himself, Husband, Husband's counsel, the court, court staff and others. Many of them contained photos of wholly unrelated discovery requests.

¶16 Wife's actions resulted in an initial fine of $1,500.00, less than half of the amount the court could have imposed based on $150.00 per violation. But Wife's behavior continued and the court increased the sanction to $1,000.00 per violation. This did not deter Wife, and she continued to violate the court's orders. Her behavior led the court to find "it [ ] very clear that Wife's actions caused Husband to incur additional attorney fees" and imposed a penalty of $120,000.00. Based on this record, the court did not abuse its discretion in sanctioning Wife monetarily. *Kelly v. Kelly*, 252 Ariz. 371, 376, ¶ 21 (App. 2021) (allowing the superior court to "impose a progression of monetary sanctions on contemptuous parents").

¶17 Wife also argues the court abused its discretion by sanctioning her for not filing a joint pre-trial statement. But Wife misunderstands the court's ruling. The court issued an order early in the proceedings outlining the responsibilities of the parties before trial, including a joint pre-trial statement. In preparation for the temporary orders hearing, Wife and Husband filed separate pretrial statements. The court did not reject these filings.

¶18 Further, in preparation for trial, Husband filed a "Notice of Issues," referencing the court's pre-trial orders and identifying the contested issues for trial. He also timely filed a separate pre-trial statement. Wife did not provide a pre-trial statement, nor any of the information required in a pre-trial statement. *See* Ariz. R. Fam. Law P. 76.1(g)(1)–(17). Instead, contrary to the court's orders, Wife sent an email to the court, Husband's counsel and several others. Wife's email stated that she would not have an internet connection for the upcoming trial—even though the court ordered her to be there in-person—and contained ramblings about the case. Her email failed to contain any information required for Husband to prepare for trial, such as the evidence Wife intended to present or names of witnesses that would testify. *See* Ariz. R. Fam. Law P. 76.2(10), (13). Accordingly, and considering other sanctions it had already imposed, the court sanctioned Wife by striking her response. The court did not take this action lightly and based its decision on Wife's consistent improper actions, such as her disobedience of the court's orders. It did not sanction Wife for failing to provide a "joint" pre-trial statement.

**III.   The court did not abuse its discretion in denying Wife's ADA accommodations.**

**¶19**      Wife argues the court abused its discretion by denying her repeated requests for ADA accommodations without due process. This Court reviews the decision to deny ADA accommodations for an abuse of discretion. *See Henderson v. Henderson*, 241 Ariz. 580, 589, ¶ 29 (App. 2017).

**¶20**      Title II of the ADA requires public entities such as courts to take reasonable measures to accommodate people with disabilities. *Tennessee v. Lane*, 541 U.S. 509, 531–32 (2004). But it does not require "any and all means to make judicial services accessible." *Id.* Instead, the ADA only requires modifications which are reasonable. *Id.* at 532; *see also Jessica P. v. Dep't of Child Safety*, 251 Ariz. 34, 38, ¶ 13 (App. 2021) ("The ADA imposes an affirmative duty on public entities to make 'reasonable modifications.'").

**¶21**      A modification is reasonable if it does "not fundamentally alter the nature of the service provided." *Lane*, 541 U.S. at 532. And the individual seeking the modification must be otherwise eligible for the service provided by the court. *Id.* But while a court's duty to accommodate is consistent with the due process principle of a meaningful opportunity to be heard, requested accommodations must be "within the limits of practicability." *Id.* (quoting *Boddie v. Connecticut*, 401 U.S. 371, 379 (1971)).

**¶22**      Here, the court considered each of Wife's accommodation requests. She requested exemption from requirements to file pleadings through the docket and to travel to Arizona to appear in-person at court. Wife also asked the court to allow her to appear telephonically, instead of virtually, at court hearings. With little explanation, the court found these requests to be "not factually necessary." Though the court's findings lack detail, the superior court is in the best position to determine the credibility of factual arguments, and this Court will not second guess the superior court's factual determinations regarding ADA accommodations absent an abuse of discretion. *See Twin City Fire Ins. Co. v. Burke*, 204 Ariz. 251, 254, ¶ 10 (2003) ("We defer to the judge with respect to any factual findings explicitly or implicitly made, affirming them so long as they are supported by reasonable evidence.").

**¶23**      First, the court's denial of Wife's request to exempt her from filing documents through the court's docket was proper given that Wife had previously appropriately filed eight other *pro per* pleadings.

¶24        Second, the court's denial of Wife's request not to travel to Arizona for court proceedings was reasonable given the evidence in the record. Though the record shows that Wife had significant medical issues, Wife's psychologist explained that Wife had been traveling out of her home to his office on a weekly basis for approximately nine months. And Wife's financial affidavit indicated she had monthly expenses for driving her car, eating outside the home, and bus fare or parking fees. Moreover, the record showed that Wife moved from Arizona to Canada during the pendency of the divorce proceedings.

¶25        Third, the court properly denied Wife's request to exempt her from appearing at court hearings virtually and that it allow her to appear only telephonically. The record shows she appeared virtually when the court demanded she do so. Though Wife complained that the video made her sick and she had limited connectivity, she presented no evidence to support these claims. Finally, the transcript from the March 12, 2024, hearing demonstrates that Wife's telephonic appearance prevented the court from managing proceedings, including ensuring that Wife could access exhibits during testimony or that the court could adequately make determinations of witness credibility. *See State ex rel. Montgomery v. Kemp*, 239 Ariz. 332, 336, ¶¶ 15–16 (App. 2016) (identifying legitimate reasons for requiring in-person appearances in court proceedings).

¶26        The superior court did not abuse its discretion in requiring Wife to appear in-person or denying her other requests.

## IV.    The court relied on the information presented to it.

¶27        Wife argues the court relied on "incomplete, misleading or false financial disclosures" to determine property division and spousal maintenance. This Court "view[s] the evidence in the light most favorable to the superior court's order and will affirm" if the court's judgment is reasonably supported by the evidence. *See Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8 (App. 2012).

¶28        Because courts prefer to address issues on their merits, their discretion to impose "severe sanctions such as [ ] striking a pleading or entering a default judgment," is more limited than when imposing lesser sanctions. *Estate of Lewis v. Lewis*, 229 Ariz. 316, 323–24, ¶ 18 (App. 2012). Severe sanctions "must be based on a determination of willfulness or bad faith by the party being sanctioned." *Id.* at 324, ¶ 18. Generally, "[t]he sanction of dismissal is warranted only when the court makes an express finding that a party, as opposed to his counsel, has obstructed

discovery, . . . and that the court has considered and rejected lesser sanctions as a penalty." *Wayne Cook Enters., Inc. v. Fain Props. Ltd. P'ship*, 196 Ariz. 146, 149, ¶ 12 (App. 1999). Here, the record supports the court's entry of default.

**¶29**        As noted in ¶¶ 11-15 and 18, Wife failed to comply with numerous court orders and rules, including failing to disclose required information. She continually engaged with the court in *ex parte* communications. As a result, the court sanctioned Wife for noncompliance, and struck her answering brief. In striking Wife's brief, the court defaulted her and found "there was no active request for spousal maintenance." But before the court defaulted Wife, it asked her whether she thought default was appropriate. Wife replied: "Oh, it's fine, sir. Do whatever you feel. It's fine."

**¶30**        Wife attempts to justify her behavior by claiming that Husband had additional financial accounts that *he* failed to disclose. And while Husband did delay discovery early in the case, Wife failed to produce even a scintilla of evidence that he failed to disclose or hid financial accounts. Instead, Wife asked for a four-month continuance on the eve of trial to attempt to gather such evidence. The court's denial of spousal maintenance was a direct result of Wife's actions and not an abuse of discretion.

## V.        The award in the decree of dissolution was appropriate.

**¶31**        Wife asserts the decree materially misstated evidence, which resulted in a grossly disproportionate award. When reviewing a court's award of community property between spouses, this Court "will not disturb its allocation absent an abuse of discretion." *Lehn*, 246 Ariz. at 283, ¶ 14. This Court "view[s] the evidence in the light most favorable to affirming the family court's ruling." *Id.*

**¶32**        Here, the court recognized that the community property between the spouses should be divided equitably, absent unique facts or circumstances. *See* A.R.S. § 25-318(A); *In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 14 (App. 2010). After dividing the real property, personal property and debt, the court found the allocation not equitable and ordered Husband to make an equalization payment to Wife.

**¶33**        The record supports the court's equitable distribution of the community's property. In ordering Husband to make the equalization payment, the court included the community's 25% ownership in Sunny Energy in its calculation. Wife has not shown that the court abused its

discretion in equitably allocating community assets or obligations to compensate Wife for her share of the community interest in the business. *See Martin v. Martin*, 156 Ariz. 452, 457 (1988) (A.R.S. § 25-318 "authorize[s] the court to make an award of money instead of merely dividing property").

**¶34** In addition, Wife failed to show the court's final distribution of assets was disproportionate. In the decree, the court noted that after the parties separated, Wife received $357,785.60 from Husband's sole and separate earnings. The court considered this amount in Wife's award of community assets. Wife's broad conclusions in her brief fail to show error in the court's final distribution of assets.

## VI.    The court did not deny Wife procedural protections.

**¶35** Wife asserts that the court denied her procedural protections through her collective prior counsel, opposing counsel and the judge. She provides no citations to the record or legal authority for this argument. By failing to provide any citations to the record or legal authority, Wife has waived these arguments. *See* ARCAP 13(a)(7).

## CONCLUSION

**¶36** This Court affirms.

